Mackie Lee CHOICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–81–032–CR.

Court of Appeals of Texas,
Texarkana.

Jan. 5, 1982.

Thomas C. Railsback, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Asst. Dist. Atty., Dallas, for appellee.

BLEIL, Justice.

Mackie Choice appeals his rape conviction. Punishment, as fixed by the jury, is eighteen years confinement. Although various grounds of error are presented, the primary issue is whether Choice should have been indicted and tried for rape of a child rather than aggravated rape. We resolve all the issues against Choice and affirm the judgment.

On April 1, 1979, Rita Freeman, age 14, went with her 18-year-old girlfriend to Glendale Park in Dallas, Texas, to attend a rock band performance. At this concert, Rita's friend, Regina Moseley, met her friend, Dennis Moore. They started toward Moore's car when Mackie Choice approached them and asked Moore to take him home so Choice could get some money. The four of them got in Moore's car, and after getting some beer for the men, went to Choice's house. They entered the house and went to a room containing a television, a bed, and other furniture. The four sat on the bed for about 15 minutes then Regina Moseley and Dennis Moore went to another room to fornicate. Choice left the room. He came back in about 10 minutes nude, except for a robe. He told Rita to take off her clothes, but she refused. After he picked up a pistol and slapped her she took off her clothes and laid down as directed. When she cried and screamed he put his hand over her mouth, telling her to shut up while he raped her. When he finished she got up, went to the bathroom and tried to escape out the front door. She screamed when Choice grabbed her and pulled her back into the bedroom where he proceeded to rape her a second time. Ultimately she managed to escape out the front door, ran naked down the street until she got help from a man and his granddaughter in a truck. This man took her to a convenience store where the police were called. Later she was taken to Parkland Hospital and examined.

In his own behalf Choice testified that Rita Freeman had told him that she was 21 years old, that he believed her to be 18 or 19, and that she fully consented to the one act of intercourse which took place. He said that he was extremely successful as a high school track athlete and that he had continued to run track with good success. He stated that when the four of them first went into his room a starter pistol was on top of his dresser but that he immediately put it away and never got it out again. He further indicated that Rita Freeman smoked a marijuana cigarette, got high, began kissing and hugging him, and that they finally did have sex.

Mackie Choice says that the trial court erred in these ways:

(1) In not quashing the indictment on his motion when the cause of action was based upon the offense of rape of a child, if at all, and not rape;

(2) In submitting rape as a lesser included offense of aggravated rape under the facts;

(3) In refusing his request for the names of all witnesses intended to be called by the State during the punishment phase of trial;

(4) In allowing the testimony of a witness whose name was not included on the list of witnesses provided to him by the State;

(5) In improperly admitting reputation testimony; and,

(6) In denying him a fair trial as a result of cumulative improper cross-examination by the State.

We now consider the issues presented.

Prior to trial, Mackie Choice presented a motion to quash the indictment contending that he should be charged with rape of a child, if anything, rather than aggravated rape. He was indicted for ag-

gravated rape under Section 21.02 and Section 21.03, Tex. Penal Code Ann. (Vernon 1974), in that he did, "... intentionally and knowingly have sexual intercourse with Rita Freeman, hereinafter called Complainant, a female not his wife, without the consent of the Complainant, and the defendant did intentionally and knowingly compel the Complainant to submit to said act of sexual intercourse by threatening serious bodily injury to be imminently inflicted on the Complainant."[1] Choice asserts that because the evidence showed Rita to be younger than 17 years that he should have been indicted under Section 21.09, entitled "Rape of A Child" rather than Sections 21.02 and 21.03, the general rape statutes.[2] Choice urges that since the victim was a child, the failure to indict him for rape of a child denied him of certain defenses available to a Section 21.09 prosecution. This argument is without merit.

Section 21.09 of the Penal Code is designed to cover instances of a female incapable of consenting to sexual intercourse, commonly called statutory rape. Indeed, the commentary under Section 21.09 so states. While Choice's version of the offense fits into the classic statutory rape mold, Rita Freeman's version just as well fits into the classic rape mold. The State was free to indict Mackie Choice as it did; no error results from overruling his motion to quash the indictment.

■ Next, Appellant Choice complains that the trial court submitted an instruction on the lesser included offense of rape. Under Article 37.09, Tex.Code Crim.Pro.Ann. (Vernon 1981), rape is clearly a lesser included offense of aggravated rape.[3] Rape is a lesser included offense of aggravated rape under the facts and circumstances of this case because it is proved by the same or less than all the facts required to establish the aggravated rape. Also, rape differs from aggravated rape only in that a less serious risk of injury to Rita Freeman suffices to establish its commission.

1. Section 21.02 entitled "Rape" provides in part that:

> "(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.
> (b) The intercourse is without the female's consent under one or more of the following circumstances:
> (1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;
> (2) he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution;
> ..."

\* \* \* \* \* \*

Section 21.03 entitled "Aggravated Rape" provides:

> "(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:
> (1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode; or
> (2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone."

2. Section 21.09 entitled "Rape of a Child" provides:

> "(a) A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years.
> (b) It is a defense to prosecution under this section that the female was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in sexual intercourse.
> (c) It is an affirmative defense to prosecution under this section that the actor was not more than two years older than the victim.
> (d) An offense under this section is a felony of the second degree."

3. Article 37.09, "Lesser included offense", is as follows:

> "An offense is a lesser included offense if:
> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense."

 In another ground of error Choice complains that the trial court erred in refusing his request for the names of all witnesses intended to be called by the State during the punishment phase of the trial. Choice filed a motion for the State to list the witnesses to be called during the guilt or innocence stage of the trial. This motion was granted by the court. Although he made no motion for the State to list the witnesses it intended to call during the punishment stage of the trial, the defendant excepted to the trial court's ruling, directing the State to produce a list of witnesses on the case in chief, but excluding the witnesses to be used at the punishment phase of the trial. Upon proper motion, witnesses should be disclosed if they will be used by the State at any stage of the trial. *Young v. State*, 547 S.W.2d 23 (Tex.Cr.App.1977). However, this does not mean that witnesses must be disclosed. Because Choice did not file a motion requesting a list of the punishment witnesses and because he shows no resulting harm, this ground of error is overruled.

 The State also called an officer with the Dallas police force, Ron Brignance, even though he was not listed as one of the witnesses the State would call. The State says that at the time it submitted the list of witnesses to Mackie Choice, it had no knowledge that Brignance would be a witness. No bad faith on the part of the State was shown, and under these circumstances it was within the discretion of the trial court to permit the testimony of this witness. *Clay v. State*, 505 S.W.2d 882 (Tex. Cr.App.1974); *Morales v. State*, 466 S.W.2d 293 (Tex.Cr.App.1971).

The State's case at the punishment stage of the trial consisted of two reputation witnesses. Steve Brezik, a City of Garland detective, and R. L. Ramsey, a Garland police officer. They testified that Mackie Choice had a bad reputation. Choice complains that because Brezik's knowledge was based on information within the police community from 1975 to 1977, that knowledge is too remote in time for his reputation opinion to be admissible. Choice also com-

plains that there was no community established base since Brezik testified about his reputation in Garland, although he no longer lives there. A like objection was made to Officer Ramsey's testimony.

 No witness may speak as to the bad reputation of another unless he has heard the reputation called and questioned. 1A Ray, Texas Evidence § 1325 (3d ed. 1980). Although the place of reputation is ordinarily where the person lives or is best known, modern life conditions, especially in urban areas where people move about frequently, create a need to expand a neighborhood reputation to include societal groups, distinct from the place of residence. In this fact situation, Choice had moved about and cannot object to use of his reputation in Garland, where he was best known. Evidence that he had a bad reputation in Garland from 1975 to 1977 is evidence of a bad reputation and the trial court properly allowed the two witnesses to testify as to his reputation in the community. These matters rest largely in the discretion of the trial court and its rulings are not disturbed except in cases of abuse of discretion. *Rice v. Ward*, 93 Tex. 532, 56 S.W. 747 (1900).

 Mackie Choice further contends that he was denied a fair trial because of cumulative improper cross-examination by the prosecution. He cites seventeen instances of improper remarks. These instances concern the asking of argumentative questions, side-bar remarks, comments on answers given by witnesses and other antics on the part of the prosecutor. When a defendant assigns a single ground of error to multiple portions of testimony or argument, or to multiple acts, the requirements of Article 40.09, Tex.Code Crim.Pro.Ann., are not satisfied and nothing is presented for our review. In *Love v. State*, 533 S.W.2d 6 (Tex.Cr.App.1976), defendant, in one ground of error, alleged cumulative error based on complaints that the trial court displayed an insouciant attitude towards all participants and that the depths of the prosecutor's pursuit of victory was appalling. Failure to comply with Article 40.09,

Tex.Code Crim.Pro.Ann., requiring that the appellant's brief separately set forth each ground of error, precluded the court's consideration of the cumulative errors. In *Stein v. State*, 514 S.W.2d 927 (Tex.Cr.App. 1974), a single ground of error was assigned to cover eight separate portions of the prosecutor's jury argument. The court held, as do we, that nothing was presented for it to review. In addition, we have reviewed the actions of the prosecutor and, while they leave much to be desired, we find no reversible error.

We affirm the trial court's judgment.