NUMBER 13-02-085-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


TERRY GLENN WITCHER , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 389th District Court

of Hidalgo County, Texas.

__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Amidei (1)

Opinion by Justice Rodriguez


 Appellant, Terry Glenn Witcher, brings this appeal following his conviction for murder. By five points of error, appellant
contends the trial court erred by: (1) denying appellant's motion to suppress; (2) allowing a State's witness to testify who
was not on the witness list; (3) allowing the State to introduce evidence of an extraneous offense; (4) allowing appellant's
wife to testify; and (5) allowing the State to include an instruction on the law of parties in the court's charge. We affirm.

I. Facts

 On March 30, 2001, Pharr police officers were called to a makeshift campsite behind the Silver Spur Truck Stop in Pharr,
Texas. The officers discovered the body of Frank La Chappelle. It was later determined that La Chappelle died as a result
of being run over by a motor vehicle. During the investigation, the officers discovered that appellant and his wife had been
living in a tent located at the campsite where La Chappelle's body was found. They also discovered that paint found on La
Chappelle's body matched the color of appellant's vehicle. Officer Aurora Salinas ran a license plate search on appellant's
vehicle and discovered that it had recently been stopped in Bexar County, and the "occupants had acted evasively." A
warrant was issued for appellant and his wife. Appellant was eventually arrested on other charges in San Antonio. On
April 16, 2001, Officer Salinas and another officer took custody of appellant and transported him back to Pharr on the
murder charge.

 Appellant was charged by indictment with one count of murder. A jury found appellant guilty of murder, and sentenced
him to seventy-five years imprisonment and payment of a $10,000.00 fine and $5,000.00 in restitution. Appellant timely
filed a notice of appeal.

II. Sixth Amendment

 By his first point of error, appellant contends the trial court erred in denying his motion to suppress. Specifically, appellant
argues his Sixth Amendment right to counsel was violated when he was questioned after invoking his right to an attorney.
We find it unnecessary to reach appellant's contention because error, if any, was waived.

 To preserve error for our review, an appellant must make a complaint to the trial court by a timely request, objection, or
motion that states the ground for the ruling sought with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1. 

 In this instance, appellant never presented the issue of an alleged violation of his Sixth Amendment rights to the trial court. 
In his motion to suppress, appellant did not raise any Sixth Amendment issue; the motion only addressed search and seizure
issues. Looking at the record of the hearing on the motion to suppress, there was not a single reference to the Sixth
Amendment right to counsel. Rather, appellant seemed to be arguing that his Fifth Amendment rights were violated. For
instance, the trial court summarized the issue before it as follows, "[t]his case deals with the fact that once custodial
interrogation is being done [sic] if he requests an attorney, all communications are to cease, unless they ask specifically
concerning his right to counsel. That's the way I read it." Appellant's counsel summarized his own position a little later,
"the bottom line is . . . once a person says I need an attorney, and he is in custody, whether he is being interrogated or not,
once he says I want an attorney, they cannot come to him and say, talk to us." Moreover, during the suppression hearing,
appellant referred the trial court to cases that only dealt with the Fifth Amendment right to counsel. See Hicks v. State, 860
S.W.2d 419, 429 n.12 (Tex. Crim. App. 1993) (declining to address Sixth Amendment issues because appellant did not
brief them correctly); Muniz v. State, 851 S.W.2d 238, 252 (Tex. Crim. App. 1993) (involving defendant's Fifth
Amendment right to counsel). When a Sixth Amendment claim is not articulated with enough specificity to make the trial
court aware of the complaint, it is "procedurally defaulted." Ripkowski v. State, 61 S.W.3d 378, 386 (Tex. Crim. App.
2001). Appellant's first point of error is overruled.

III. State's Witness

 By his second point of error, appellant contends the trial court erred in allowing one of the State's witnesses, who was not
disclosed on a witness list, to testify at the punishment phase of the trial.

 Upon request by the defense, notice of the State's witnesses should be given. Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim.
App. 1989) (citing Young v. State, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977)). If the trial court allows an undisclosed
witness to testify, the standard of review is whether the trial court abused its discretion in allowing such witness to testify. 
Castaneda v. State, 28 S.W.3d 216, 223 (Tex. App.-El Paso 2000, pet. ref'd) (citing Stoker, 788 S.W.2d at 15); Irvine v.
State, 857 S.W.2d 920, 926 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd). In determining whether the trial court abused
its discretion, this Court should consider whether: (1) the prosecutor acted in bad faith in failing to provide the defense with
the name of the witness; and (2) the defendant could reasonably anticipate the witness would testify despite the State's
failure to disclose the witness's name. See Stoker, 788 S.W.2d at 15; Castaneda, 28 S.W.3d at 223; Irvine, 857 S.W.3d at
927.

 In this instance, appellant only requested the names of witnesses the State would call in its "case in chief." Appellant
neither filed a motion, nor later made a request for the State to include a witness list for its punishment phase of the trial.
The State is not required to produce a list of witnesses for the punishment phase of the trial if the State was specifically
asked only to provide a list for its case in chief. See Choice v. State, 628 S.W.2d 475, 478 (Tex. App.-Texarkana 1982, no
pet.) (no error where defendant requested names of witnesses to be called from State during its case in chief, and trial court
ordered State to produce witness list for case in chief and none during punishment phase). Moreover, because appellant
specifically only requested a list of the State's witnesses for its case in chief, the State was not acting in bad faith in only
producing what appellant requested. In addition, appellant could have reasonably anticipated that at least one of the
victim's family members would testify during the punishment phase of the trial. For these reasons, the trial court did not
abuse its discretion in allowing the State's witness to testify. See Stoker, 788 S.W.2d at 15; Castaneda, 28 S.W.3d at 223;
Irvine, 857 S.W.3d at 927. Appellant's second point of error is overruled.

IV. Extraneous Offense

 By his third point of error, appellant contends the trial court erred in allowing the State to introduce an extraneous offense
without providing appellant with notice. 

 We review the trial court's decision to admit extraneous offense evidence for an abuse of discretion. Mitchell v. State, 931
S.W.2d 950, 953 (Tex. Crim. App. 1996); Lemmons v. State, 75 S.W.3d 513, 522 (Tex. App.-San Antonio 2002, pet. ref'd). 
We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. Lemmons, 75 S.W.3d at 523.

 "To constitute an extraneous offense, the evidence must show a crime or bad act and that the defendant was connected to
it." Castillo v. State, 59 S.W.3d 357, 361 (Tex. App.-Dallas 2001, pet. ref'd) (quoting Lockhart v. State, 847 S.W.2d 568,
573 (Tex. Crim. App. 1992)). This includes some sort of extraneous conduct on behalf of the defendant which forms part
of the alleged extraneous offense. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993); Castillo, 59 S.W.3d at
361. Statements regarding a defendant's thoughts of wrongdoing are merely inchoate thoughts. Moreno, 858 S.W.2d at
463; Castillo, 59 S.W.3d at 361. Absent any actual conduct which alone or in combination with a defendant's thoughts
could constitute a bad act, wrong, or crime, a defendant's comments about a desire or intent to commit an offense do not
constitute prior misconduct and, therefore, do not implicate rule 404(b) of the Texas Rules of Evidence. Castillo, 59
S.W.3d at 361; see Moreno, 858 S.W.2d at 463.

 Appellant contends the trial court erred by allowing Richard Serna to testify that appellant "was kind of upset with Frank
La Chappelle and [appellant] felt like Molotovizing [sic], cocktailing him [sic], making some gasoline cans or something
like that, to throw at him."

 We find this testimony merely established appellant's inchoate thoughts about wanting to throw Molotov cocktails at La
Chappelle; it does not establish any extraneous conduct addressed by rule 404(b). See, e.g., Massey v. State, 933 S.W.2d
141, 153-54 (Tex. Crim. App. 1996); Moreno, 858 S.W.2d at 463; Castillo, 59 S.W.3d at 361. Because the testimony was
not about any extraneous offense, rule 404(b) was not implicated and the State was not required to provide notice to
appellant. Thus, the trial court did not abuse its discretion in allowing the testimony. Appellant's third point of error is
overruled.

V. Involuntary Testimony

 By his fourth point of error, appellant contends the trial court erred in allowing appellant's wife to testify because the State
failed to establish she was testifying voluntarily.

 The State has no duty to prove that a spouse testified voluntarily. (2) Benitez v. State, 5 S.W.3d 915, 918-19 (Tex.
App.-Amarillo 1999, pet. ref'd); Fuller v. State, 858 S.W.2d 528, 532 (Tex. App.-Eastland 1993, pet. ref'd). Thus, this
contention is without merit. Appellant's fourth point of error is overruled.

VI. Court's Charge

 Finally, by his fifth point of error, appellant contends the trial court erred in instructing the jury on the law of the parties.

 When an appellant alleges jury charge error, we must determine whether there is any error in the charge. Hutch v. State,
922 S.W.2d 166, 170 (Tex. Crim. App. 1996); Escobar v. State, 28 S.W.3d 767, 778 (Tex. App.-Corpus Christi 2000, pet.
ref'd). If we conclude there is jury charge error, we must determine if the error caused sufficient harm to warrant reversal. 
See Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000). The extent of harm requiring reversal is dictated by
whether the error was preserved. See id.; Escobar, 28 S.W.3d at 777. If the error in the charge was the subject of a timely
objection, as in this instance, reversal is required if the error was calculated to injure the rights of the defendant, or in other
words, whether there was "some harm." Trevino v. State, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003)(en banc); Ovalle,
13 S.W.3d at 786.

 Assuming, without deciding, that the inclusion of the instruction on the law of the parties was error, we find error, if any,
was harmless. See Cathey v. State, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999).

 In general, an instruction on the law of the parties may be given to the jury whenever there is sufficient evidence to support
a jury verdict that the defendant is criminally responsible under the law of parties. Ladd v. State, 3 S.W.3d 547, 564 (Tex.
Crim. App. 1999). However, "[w]here the evidence clearly supports a defendant's guilt as a principal actor [as in the
instant case], any error of the trial court in charging on the law of parties is harmless." Id. at 564-65 (quoting Black v.
State, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986)).

 In this instance, witness testimony and evidence from the crime scene tended to show that appellant acted as a principal to
the offense. Because, as appellant contends, there was no evidence tending to show appellant's guilt as a party, the jury
almost certainly did not rely upon the law of the parties instruction in arriving at its verdict, but rather based the verdict on
the evidence tending to show appellant's guilt as a principal actor. Id. at 565; see Cathey, 992 S.W.2d at 466. Because
appellant has failed to show "some harm," appellant's fifth point of error is overruled. See Trevino, 100 S.W.3d at 242;
Ovalle, 13 S.W.3d at 786.

VII. Conclusion

 Accordingly, we affirm the judgment of the trial court. 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 5th day of June, 2003.

 

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. §74.003 (Vernon 1998).

2. At the trial level appellant objected to his wife's testimony alleging the State failed to lay proper predicate. However, as
we already noted, the State has no burden to establish that a spouse's testimony is voluntarily given. See Benitez v. State, 5
S.W.3d 915, 918-19 (Tex. App.-Amarillo 1999, pet. ref'd); Fuller v. State, 858 S.W.2d 528, 532 (Tex. App.-Eastland 1993,
pet. ref'd). Appellant's additional arguments presented in his brief were not raised at the trial level, thus we will not address
them on appeal. See Tex. R. App. P. 33.1.