Earl Edward YOUNG, II, Appellant,

v.

The STATE of Texas, Appellee.

No. 52544.

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Rehearing Denied March 9, 1977.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Winfield W. Scott, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape. Punishment was assessed at twenty years.

Grounds of error one through eight complain of improper jury argument. In six instances the trial court instructed the jury to disregard the statements of the prosecutor. In another instance the prosecutor withdrew his statement. We have reviewed the record and conclude that the court's action and the prosecutor's withdrawal of his statement were sufficient to cure any harm caused by the argument. A declaration of mistrial was unnecessary. *Pringle v. State,* Tex.Cr.App., 511 S.W.2d 35. The first seven grounds of error are overruled.

Ground of error number eight contends that the prosecutor in jury argument at the punishment stage attacked by implication appellant's assertion of his right to a jury trial when he stated:

"I represent the police officers who would like to be patrolling your streets watching out for prowlers and what have you, but instead have to spend their time tracking the likes of him down and spending their time trying to get to the truth of the matter, going out and recovering evidence and then coming down here and spending days trying to convince a jury how guilty he is."

This argument does not demonstrate an attack on appellant's exercise of his right to a jury trial. The eighth ground of error is without merit.

The next two grounds of error maintain that the trial court improperly limited the appellant's introduction of evidence concerning the prosecutrix's prior sexual behavior. The court refused to allow the appellant to show that the victim had engaged in sexual intercourse the night before the offense. The court also excluded evidence establishing that the prosecutrix had an abortion three years prior to the rape. Finally, the appellant complains that he was not allowed to ascertain the names of two men who dated the victim at the time of trial.

Initially, we note that appellant's trial occurred after the effective date of V.T. C.A., Penal Code Sec. 21.13.[1] This statute provides a procedure to be followed when a defendant proposes to introduce instances of the victim's sexual conduct in a prosecution for rape. It was not followed in the case at bar.

The court did, however, allow the appellant, through a bill of exception, to preserve error on this issue. The court concluded that the evidence was not admissible and upheld its previous decision which sustained the State's motion in limine.

We hold that the court correctly excluded the evidence. Consent was an issue in the case, but the items the appellant attempted to establish were not germane to the issue of the victim's acquiescence, or any other issue raised by the evidence. See, *Campbell v. State,* 147 Tex.Cr.R. 192, 179 S.W.2d 547; *Tyler v. State,* 145 Tex.Cr.R. 315, 167 S.W.2d 755. The appellant's ninth and tenth grounds of error are overruled.

Our holding on this issue is not to be used as precedent for the avoiding of the requirements of Sec. 21.13, supra. The statutory proceedings outlined in that section should be followed in each case where the defendant proposes to introduce the evidentiary matters listed therein. We make an exception to those requirements in the case at bar only because the trial occurred shortly after the effective date of the statute, and because the trial court constructed a sufficient record for review of the issue.

Grounds of error eleven and fifteen contend that the trial court erred in admitting the oral confession of the appellant. First, the appellant asserts that his confession was not voluntary because he was deprived of sleep, food, warmth, and was made to believe that he would receive psychiatric help. He also asserts that his lack of experience with policemen and his "intense personal contact" with the officers on

1. Section 21.13 provides:

"(a) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct may be admitted under Sections 21.02 through 21.05 of this code (rape, aggravated rape, sexual abuse, and aggravated sexual abuse) only if, and only to the extent that, the judge finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

"(b) If the defendant proposes to ask any question concerning specific instances, opinion evidence, or reputation evidence of the victim's sexual conduct, either by direct examination or cross-examination of any witness, the defendant must inform the court out of the hearing of the jury prior to asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under Subsection (a) of this section. The court shall determine what evidence is admissible and shall accordingly limit the questioning. The defendant shall not go outside these limits nor refer to any evidence ruled inadmissible in camera without prior approval of the court without the presence of the jury.

"(c) The court shall seal the record of the in camera hearing required in Subsection (b) of this section for delivery to the appellate court in the event of an appeal.

"(d) This section does not limit the right of the state or the accused to impeach credibility by showing prior felony convictions nor the right of the accused to produce evidence of promiscuous sexual conduct of a child 14 years old or older as a defense to rape of a child, sexual abuse of a child, or indecency with a child. If evidence of a previous felony conviction involving sexual conduct or evidence of promiscuous sexual conduct is admitted, the court shall instruct the jury as to the purpose of the evidence and as to its limited use."

the night of his arrest rendered his confession involuntary.

A pre-trial hearing to determine voluntariness was conducted in accordance with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and Art. 38.22, V.A.C.C.P. The court concluded that the confession was voluntary.

The investigating officer, Charles Royal, testified for the State. Royal stated that the appellant was given his statutory and constitutional warnings. Appellant indicated that he understood these protections. The officer also stated that the appellant was only interrogated for an hour.

Royal further testified that the interrogation room was not cold and that the appellant was not mistreated in any manner.

Sergeant Parker, another police officer, also testified for the State. He said that the appellant did not complain of coldness or any other inconveniences during interrogation. The witness also said that the appellant did not demonstrate any fear, by word or by action.

The State, through its two witnesses, satisfactorily rebutted the contentions of the appellant in regard to the voluntariness of the oral confession. See and compare, *Sherman v. State,* Tex.Cr.App., 532 S.W.2d 634; *Farr v. State,* Tex.Cr.App., 519 S.W.2d 876. The court did not abuse its discretion by finding the confession voluntary. Appellant's contention on this matter is overruled.

■ Appellant also contends that the oral confession was inadmissible because his statements did not lead to unknown evidence tending to establish his guilt. Article 38.22(1)(e), V.A.C.C.P.

The record demonstrates that the appellant orally confessed to the rape and then led the police to the field where he had discarded the knife used during the offense. Appellant contends, however, that the knife was never positively identified at trial and

therefore was not evidence tending to prove his guilt.

The victim could not positively identify the knife held to her throat during the rape because she could not clearly see it during the offense. She did, however, give a general description of a weapon which matched the knife found in the field.

Furthermore, when an accused identifies a weapon and states that it was used during the offense, the lack of positive identification bears on the confession's credibility, not on its admissibility. *Dow v. State,* Tex. Cr.App., 491 S.W.2d 917. Appellant's assertion is without merit.

■ Appellant's final argument in regard to his oral confession concerns a statement he made to the police in the field where the knife was located. Royal testified that when the weapon was found, appellant stated it was the instrument used during the offense.

Appellant's objection to this testimony was sustained and the jury was instructed to disregard the officer's answer. Any error [2] was cured by the court's action. The grounds of error on this issue are overruled.

■ The twelfth ground of error claims that the trial court erred in overruling appellant's motion for new trial based on jury misconduct. Appellant argues that Art. 36.22, V.A.C.C.P., was violated by certain members of the jury.

Article 36.22, supra, provides:

"No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror *about the case on trial* except in the presence and by the permission of the court." (Emphasis added.)

Appellant's mother testified at the motion for new trial hearing. She stated that during a recess taken at the guilt-innocence stage of the trial, she overheard a comment made by one woman juror to another in the ladies' restroom. One of the jurors allegedly said:

---

2. The statement appears to satisfy the requisites of Art. 38.22, supra, because it identifies the weapon used to commit the offense, a fact

unknown to the police which tended to establish the appellant's guilt.

"Aggravated? It sounds more like cold-blooded to me."

This statement was the only statement heard by appellant's mother. The witness did not see who made this comment because she was in a stall at the time she heard it. No juror testified at the hearing on the motion for new trial.

This does not constitute a violation of Art. 36.22, supra. The record made at the hearing held on the motion for new trial fails to demonstrate that the single statement set out above was "about the case on trial."

The ground of error is overruled.

Appellant next asserts that the trial court erred in denying his pre-trial motion for discovery of the names of witnesses expected to be used by the State at the punishment stage of the trial. The record establishes, however, that this motion was sustained. The judge instructed the State to divulge the names of the punishment witnesses if they were known.

The State informed the court that it did not know what witnesses it would call on punishment. The appellant never raised this issue again, nor did he object when the State called witnesses at the punishment stage.

 Witnesses should be disclosed if they will be used by the State at any stage in the trial.[3] The State, however, did not know what punishment witnesses it would call at the time of appellant's motion requesting this information. Appellant failed to pursue this matter at a time when the State did know what punishment witnesses it would use. The ground of error is overruled.

The final ground of error contends that the trial court erred in denying a motion for mistrial made after Officer Royal bolstered the complainant's identification by testifying that she had identified a photograph of the appellant.

Appellant's objection to this evidence was sustained and the court instructed the jury to disregard the officer's answer. Also the State withdrew the question which elicited Royal's answer before the appellant voiced his objection. Furthermore, the appellant admitted his presence at the victim's apartment on the night of the offense. The identity of the appellant was not an issue at trial. Taking all these circumstances together, we conclude that reversible error has not been shown.

The final ground of error is overruled.

The judgment is affirmed.

---

**3.** See concurring opinion in *Hoagland v. State,* Tex.Cr.App., 494 S.W.2d 186 at 189.