**The STATE of Texas, Appellant,**

v.

**Dolores ROMERO, Appellee.**

**No. 08–88–00157–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 28, 1988.

Discretionary Review Granted
April 5, 1989.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Randall L. Fluke, Asst. Dist. Atty., Midland, for appellant.

Tony Chavez, Robert V. Garcia, Jr., Chavez & Garcia, Odessa, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal by the State from a pretrial order of the trial judge suppressing oral statements made by the accused to the arresting officers. We reverse.

On July 20, 1987, Midland Police Detective B.G. Johnson met Justice of the Peace Keith Ray Jobe and other law enforcement personnel at a hospital in Midland to investigate the stabbing death of Jose Lomeli. At the hospital, two brothers, Eddie and Andy Ramos, advised Johnson that Lomeli made a dying declaration that the "landman" (i.e. landlord) had stabbed him, identifying Appellant as the landlord. The officers and Judge Jobe drove to Appellant's residence. The ensuing sequence of events is somewhat disputed, but not in any manner significant to the disposition of this appeal. The officers knocked on the door and Appellant answered. He was advised of Lomeli's death, the accusation against him by the Ramos brothers, and his *Miranda* rights. He acknowledged committing the stabbing. When Johnson asked him where the knife was, he removed it from his pocket and tendered it to Johnson, expressly identifying it as the weapon he used. He then expressed an understanding of his rights and a desire to waive those rights. He then gave an oral confession that the stabbing was an accident that arose out of an altercation at a party where Lomeli was cursing at his wife. The oral statement was never recorded under Tex. Code Crim.Pro.Ann. art. 38.22, sec. 3(a) (Vernon Supp.1989). Nor was it reduced to a written, signed form under Section 2 (Vernon 1979). A pretrial motion to suppress statements was filed in which the sole contention was the failure to record these oral statements made as a result of custodial interrogation. A hearing was conducted on January 7 and 19, 1988. On April 25, 1988, the State filed a written answer to the motion to suppress, expressly challenging the custodial status of Appellant at the time of the statements and also relying upon Section 3(c) of Article 38.22. On May 16, 1988, the trial judge issued an order suppressing all statements made after Appellant identified himself by name. The order expressly recites that the suppression was based upon the fact that the statements were the result of custodial interrogation and were not recorded as required by Article 38.22. Proper warnings,

waiver of rights and voluntariness of the confession were not raised as issues in the court below.

█ We find the custody and custodial interrogation issues and findings of the trial judge irrelevant to the disposition of the admissibility question. Section 3(c) of Article 38.22 provides that the requirements of Section 3(a) are inapplicable if the oral confession "contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property *or the instrument with which he [the accused] states the offense was committed.*" (Emphasis added.) We find that in this case such exception applies as a matter of law, on indisputed facts.

Appellee initially contends that the Section 3(c) exception was not properly raised before the trial judge because: (1) it was only expressly mentioned in the State's answer filed three months after the hearing, (2) there is no record showing that it was presented to the trial judge and (3) the issue is not addressed by the suppression order. We disagree. The defense raised the issue of Section 3 of Article 38.22 and we find that, given appropriate evidence, the controversy automatically entails consideration of both subsections (a) and (c). Second, the trial court's comments, while accurately reflecting that the main focus during the evidentiary portion of the hearing was the custody issue, indicate that there was no absolute foreclosure of other legal issues or sub-issues, such as Section 3(c). Finally, although the State's written answer was filed three months after the evidentiary hearing, it was filed three weeks prior to the judge's ruling and was properly before the court for consideration.

Turning to the merits of the Section 3(c) exception, we find that as a matter of law the evidence established that the oral statements were admissible despite the lack of recording or written transcription. Appellee's chief responses in this regard are twofold. First, he states that there was no evidence establishing that the knife produced in association with the oral confession was in fact the murder weapon. The statute merely recites:

[T]he instrument with which he [the accused] states the offense was committed.

In *Young v. State*, 547 S.W.2d 23 (Tex. Crim.App.1977), the Court of Criminal Appeals upheld the admissibility of an oral confession leading to a knife admittedly used in an aggravated rape despite the inability of the victim, during trial, to positively identify it. Additionally, in *Young*, the opinion states:

Furthermore, when an accused identifies a weapon and states that it was used during the offense, the lack of positive identification bears on the confession's credibility, not on its admissibility.

*Young*, 547 S.W.2d at 26. See also *Curtis v. State*, 640 S.W.2d 615 (Tex.Crim.App. 1982); *Lopez v. State*, 535 S.W.2d 643 (Tex. Crim.App.1976).

█ Second, Appellee contends that the later detailed oral statement concerning the manner in which the stabbing occurred did not lead to the instrumentality, was not subject to the Section 3(c) exception, and is therefore not admissible. Considering the entire context of the events, we construe this as one continuous confession under *Marini v. State*, 593 S.W.2d 709 (Tex.Crim. App.1980). When some portion of an oral statement meets the requirements of Section 3(c), the entire confession is admissible. *Id.; Ashley v. State*, 362 S.W.2d 847 (Tex.Crim.App.), *cert. denied*, 372 U.S. 956, 83 S.Ct. 955, 10 L.Ed.2d 10 (1963); *Riley v. State*, 168 Tex.Crim.R. 417, 328 S.W.2d 306 (1959); *Torres v. State*, 145 Tex.Crim.R. 365, 168 S.W.2d 265 (1943).

In conclusion, we find that whether Appellant was in custody or not, whether the statement was the product of custodial interrogation or not, and despite the failure to record the statement or reduce it to writing, the production of the knife admittedly used to commit the offense rendered the continuing oral confession admissible in its entirety. Appellant's Point of Error No. Seven is sustained. Point of Error No. One is not reached as moot, and Points of Error Nos. Two through Six are not addressed since they present issues not raised by the

Appellee in either the motion to suppress, the evidentiary hearing or the brief on appeal.

The May 16, 1988, order of the trial court suppressing Appellee's oral statements is hereby vacated and the cause remanded for further proceedings consistent with this opinion.