In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00100-CR


______________________________




KELVIN FLEONY HUTCHINGS, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29351-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Kelvin Fleony Hutchings, Jr., appeals his conviction by a jury for burglary of a habitation. 
The jury assessed his punishment at nine years' imprisonment.

 Hutchings contends the trial court erred in admitting testimony about his juvenile record at
the punishment phase of his trial. As we read his brief, he is actually making two complaints. First,
he contends the trial court should not have let his juvenile probation officer testify because the State
failed to give adequate notice of his testimony. He also contends the State's notice regarding his
juvenile record was insufficient under Texas Rule of Evidence 404(b).

 The latter contention is not preserved because Hutchings did not object at trial. See Tex. R.
App. P. 33.1(a). The record shows Hutchings objected only to the testimony of Namon Ridgeway,
his juvenile probation officer, but did not object to the form or sufficiency of the notice regarding
his juvenile record. In fact, Hutchings indicated to the trial court he was not objecting to "the
adjudication order, the disposition order and the modifications [of Hutchings' juvenile probation] that
were signed by the Court." 

 Regarding the former contention, the record shows Hutchings filed a pretrial motion
requesting a list only of the State's expert witnesses. He did not specifically request a list of all State
witnesses. Nevertheless, the State should disclose witnesses if they will be used at any stage in the
trial. Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim App. [Panel Op.] 1981); Young v. State,
547 S.W.2d 23, 27 (Tex. Crim. App. 1977). The State also has a continuing burden of disclosure
once the trial court grants a discovery motion. Crane v. State, 786 S.W.2d 338, 348 (Tex. Crim.
App. 1990).

 If the trial court allows testimony by a witness not on the State's witness list, we review that
decision for abuse of discretion. Martinez v. State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993). Our
review  encompasses  two  factors:  (1)  whether  the  State's  actions  constituted  bad  faith,  and
(2) whether the defendant could have reasonably anticipated the witness would testify. Nobles v.
State, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992). 

 In the present case, there is no indication the State acted in bad faith. As mentioned
previously, Hutchings did not ask the trial court to order production of the State's witness list, and
the record shows no such order. The record does show, however, the State supplied Hutchings with
a list of its witnesses. 

 In response to Hutchings' objection to Ridgeway's testimony, the State asserted that, about
a week before trial, it orally disclosed to defense counsel its intent to call Ridgeway. Hutchings'
attorney asserted he recalled having a conversation with the prosecutor about "the case and about
witnesses and about experts," but did not recall anything in the conversation about Ridgeway being
a potential witness. 

 Hutchings, however, should have reasonably anticipated the State would call Ridgeway, his
juvenile probation officer. As mentioned previously, he was aware of the State's intent to introduce
evidence regarding his juvenile record. He filed an application for community supervision. It was
reasonable for him to assume the State would present testimony about his performance while on
juvenile probation in an effort to show his suitability for community supervision in the present case. 
Accordingly, we find no abuse of discretion in the trial judge allowing Ridgeway to testify.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 2, 2003

Date Decided: February 6, 2003


Do Not Publish



ent a defense is a fundamental element
of due process of law, and (3) that a violation of that right constitutes constitutional error. Therefore,
we must reverse a trial court's judgment when such an error is present unless we can determine
beyond a reasonable doubt that the error did not contribute to the conviction. See Tex. R. App. P.
44.2(a) (requiring reversal of constitutional error unless appellate court determines beyond 
reasonable doubt that the error did not contribute to the conviction); see also Davis v. Alaska, 415
U.S. 308, 318 (1974) (denial of effective cross-examination is "constitutional error of the first
magnitude and no amount of showing of want of prejudice would cure it"). 

 Williams entered his plea of guilty after the trial court denied his pretrial motion to permit
cross-examination of the State's expert as to the efficacy of the breath-testing machine. Because
Williams pled guilty following the trial court's pretrial ruling on his motion and obtained permission
to appeal that ruling, on the record before us we cannot determine beyond a reasonable doubt that
the trial court's erroneous ruling on Williams' motion to exclude did not contribute to his guilty plea,
that is, his conviction. See Hale v. State, 139 S.W.3d 418, 420 (Tex. App.--Fort Worth 2004, no
pet.).

 Accordingly, we sustain Williams' contention of error.

 We reverse the judgment and remand the case to the trial court for further proceedings.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 29, 2007

Date Decided: March 9, 2007


Do Not Publish