The STATE of Texas, Appellant,

v.

Ruth Molina SUSTAITA, Appellee.

Nos. 01–03–00180–CR, 01–03–00181–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 2, 2004.

Jeffrey D. Kyle, Assistant District Attorney, Jeri Yenne, Criminal District Attorney, Angleton, for appellant.

Kimberly De La Garza, Seguin, Norman J. Silverman, Houston, for appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION ON MOTION FOR REHEARING

SHERRY RADACK, Chief Justice.

Appellee, Ruth Molina Sustaita, has filed a motion for rehearing, which we **DENY**. However, we withdraw our opinion of April 29, 2004, and issue this opinion in its stead. Our judgments of April 29, 2004, remain unchanged.

The State brings two interlocutory appeals pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure. The sole issue on appeal is whether the trial court erred by dismissing the indictments, with prejudice, pursuant to Texas Rule of Evidence 508(c)(2). We reverse and remand.

## BACKGROUND

In two indictments, appellee, Ruth Molina Sustaita, was charged with possession

of at least 400 grams of cocaine and investing funds to further the commission of the offense of possession of at least 400 grams of a controlled substance. On April 30, 2002, Sustaita filed a motion to disclose the identity of the State's confidential informer. On July 5, 2002, the trial court granted Sustaita's motion and ordered the State to disclose the identity of the confidential informer at least 20 days before trial.

On February 10, 2003, the morning the case was set for trial, the State filed a motion for continuance, arguing that it intended to call the confidential informer as a witness in the case, but that the confidential informer had been involved in a car accident. Specifically, the State's motion for continuance stated:

> The case is presently set for trial on Monday, February 10, 2003. It is necessary to continue the above cause of action for the following reasons: One state witness, a confidential informant used to set up a drug transaction, has recently had a car accident and suffered severe head trauma. Although the witness is expected to recover and present relevant and cohesive testimony, he is currently out of the county and travel would be unduly burdensome given his physical condition. The witness's testimony is material to the matter before the court, in that he was the officer that performed the field sobriety tests on the defendant.[1]

Sustaita did not directly respond to the State's motion for continuance, but instead moved the court to dismiss the indictments with prejudice because the State had not, as of the date of trial, provided the name of the confidential informer.

The State responded that, until the Thursday before the Monday trial date, the State believed that Sustaita planned to plead guilty pursuant to a plea bargain agreement. In light of the anticipated plea agreement, the State had not yet provided the identity of the confidential informer.

The trial court denied the State's motion for continuance. The State then moved to dismiss the indictments. The trial court responded that it would not allow the State to dismiss on its own motion "under any circumstances." Instead, it granted Sustaita's motions to dismiss, which were based on Texas Rule of Evidence 508. The orders of dismissal state that they are "with prejudice."

## Dismissal Pursuant to Texas Rule of Evidence 508

Texas Rule of Evidence 508 provides a qualified privilege to the State to protect the identity of confidential informers. The rule provides in pertinent part:

(a) The United States or a state or subdivision thereof has a privilege to refuse to disclose the identify of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer or member of a legislative committee or its staff conducting an investigation.

\* \* \*

(c)(1) *No privilege exists under this rule . . . if the informer appears as a witness for the public entity.*

(c)(2) . . . If the court finds that there is a reasonable probability that the informer can give the testimony *and the public entity elects not to disclose the inform-*

---

1. In its response to the motion for rehearing, the State admits that the last sentence of its motion is incorrect. The confidential inform- er is not a police officer who performed field sobriety tests on Sustaita.

*er's identity, the court ... in a criminal case, shall on the motion of the defendant, dismiss the charges as to which the testimony would relate ....*

TEX.R. EVID. 508(a), (c)(1), (2) (emphasis added).

█ The State argues that the trial court erred by dismissing the indictments pursuant to rule 508 for two reasons. First, no evidence establishes that the State had refused to disclose the informer's identity. Second, the State affirmatively indicated in its motion for continuance that it would be revealing the identity of the informer, who it intended to call as a witness at appellant's trial. In sum, the State argues that it did not invoke a rule 508 privilege.

Under Rule 508(c)(1), no privilege exists "if the informer appears as a witness for the public entity." If the State was not invoking the 508 privilege to protect the identity of its informer, the trial court could not, pursuant to 508(c)(2), dismiss the indictments.

Sustaita contends that the State had, effectively, invoked the privilege because, as of the date of the trial, it had not provided the identity of the confidential informer 20 days before trial, after being ordered to do so by the court in an order dated July 5, 2002. The State responds that it had not done so because, until the Thursday before the Monday trial date, it believed that the case was not going to trial and that Sustaita intended to plead guilty. Sustaita does not contend that the State's belief was unfounded. The State's motion for continuance, filed just two working days after learning that Sustaita had decided to proceed to trial, indicates the State's willingness to identify the confidential informer. The State agreed to provide the informer's identification, and, thus, did not invoke a rule 508 privilege.

█ Sustaita also argues that providing her with notice of the informer's identity on the day of trial would deprive her of the ability to investigate and prepare for trial. The State must give notice of its witnesses upon proper request by the defense. *Young v. State,* 547 S.W.2d 23, 27 (Tex.Crim.App.1977). Similarly, the State was under a duty to provide Sustaita with the informer's identity, pursuant to the trial court's July 5, 2002 order. However, the remedy for the violation of either of these duties was not a dismissal pursuant to rule 508, because, as we have already held, the State was not invoking a privilege under rule 508.[2] If Sustaita did not have sufficient time to investigate the informer or to prepare for trial because of the State's untimely disclosure of the informer's identity, she could have joined the State in requesting a motion for continuance.

## CONCLUSION

The record in this case shows that the State did not timely disclose the informer's identity to Sustaita, but it does not show that the State invoked a privilege under rule 508 by refusing to disclose the informer's identity. Accordingly, we hold that the trial court erred by dismissing the indictments. In light of our disposition, we need not decide whether a dismissal pursuant to rule 508 should be with prejudice or without prejudice. We remand the cases for further proceedings.

---

**2.** We express no opinion as to other remedies available to the trial court for the State's

failure to timely comply with its July 5, 2002 order.