COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JORY CEDILLO VEGA, | | No. 08-09-00255-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 394th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Brewster County, Texas |
| | § | |
| Appellee. | | (TC # 3874) |
| | § | |

**O P I N I O N**

Appellant was convicted of two counts of aggravated assault with a motor vehicle and one count of failure to stop and render aid. In his sole issue on appeal, he complains that the trial court abused its discretion in admitting the testimony of certain State witnesses when the State failed to provide a witness list prior to trial. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On October 7, 2008, Appellant, was charged by indictment for allegedly striking Armando Chavez with a motor vehicle causing serious bodily injury:

Count I: on or about August 17, 2008, intentionally, knowingly, and recklessly, by failing to operate a motor vehicle in a safe manner cause serious bodily injury to Armando Chavez by striking Armando Chavez with a motor vehicle.

Count II: mirrored the language above in Count I and added, "and said motor vehicle was a deadly weapon, which in the manner of its use and intended use was capable of causing death or serious bodily injury."

Count III: on or about August 17, 2008, Appellant did then and there operate a vehicle, and was involved in an accident, and that said accident was an accident which resulted in injury to Armando Chavez; and the defendant, after the accident, did not comply with the

requirements of Section 550.021 of the Transportation Code. Appellant pled not guilty to all counts.

When the State called its first witness at trial, the defense objected on the grounds that the State had not provided it with a witness list. There is nothing in the record to indicate a motion for discovery was filed, or that Appellant requested the court to issue an order requiring the State to produce a witness list. Counsel did send a letter asking the prosecutor to, "Please send me your witness list regarding the above referenced case."

In considering Appellant's objection, the court questioned the attorneys and learned that: (1) the District Attorney's office had an open file policy; (2) Appellant was provided a copy of the State's entire file; and (3) the file contained a copy of the State's application to subpoena witnesses. As is apparent from this appeal, Appellant's objections were overruled and the witnesses permitted to testify.[1]

The State called nine witnesses during its case-in-chief and one rebuttal witness. The file provided to Appellant contained witness statements of seven of the nine case-in-chief witnesses. The other two, Raymond Rodriguez and Mike Scudder, did not provide witness statements or file reports after the accident. Rodriguez was the senior patrol officer on duty the night of the accident, and Scudder was a paramedic who arrived on the scene. They only testified as to their personal recollections of the night in question, not as expert witnesses.

The State's rebuttal witness, Adriane Ochoa, is the girlfriend of Appellant's cousin. On the night of the accident, Appellant came to her house briefly after returning from a local bar. Ochoa watched Appellant get into the driver's seat of the vehicle involved in the accident and drive away.

---

[1] Defense counsel later requested a running objection to all the State's witnesses on the same grounds. The court granted his running objection and overruled it.

After a three day trial, a jury found Appellant guilty on all three counts and assessed punishment as follows: Count I: twelve years' imprisonment; Count II: six years' imprisonment; and Count III: two years' imprisonment. The trial court assessed punishment in accordance with the jury's recommendations and additionally ordered Appellant to pay $222,169.58 in restitution.

## WITNESS LIST

Appellant maintains that his letter requesting a witness list was "certainly sufficient to trigger the District Attorney's responsibility to furnish information, without a court order" under the prosecutor's open file policy. Section 39.14(a) of the Texas Code of Criminal Procedure provides:

> Upon motion of the defendant showing good cause therefor and upon notice to the other parties, except as provided by Article 39.15, the court in which an action is pending shall order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. The order shall specify the time, place and manner of making the inspection and taking the copies and photographs of any of the aforementioned documents or tangible evidence; provided, however, that the rights herein granted shall not extend to written communications between the State or any of its agents or representatives or employees. Nothing in this Act shall authorize the removal of such evidence from the possession of the State, and any inspection shall be in the presence of a representative of the State.

TEX.CODE CRIM.PROC.ANN. § 39.14(a)(Vernon Supp. 2010); *see also Young v. State*, 547 S.W.2d 23, 27 (Tex.Crim.App. 1977).

Here, no such request was made. Appellant appears to contend that because his letter was "specific," it carries the same weight and authority as a court order. The only case he cites in support of this contention is *State ex rel. Simmons v. Peca*, 799 S.W.2d 426 (Tex.App.--El Paso 1990, no pet.). In *Peca*, the State sought mandamus relief from a pretrial order requiring it to photocopy its

entire file for a capital murder defendant. *Id.* at 428. This court recognized that discoverable material in a criminal trial is subject to photocopying, but based on the facts presented, the order at issue was void for vagueness. *Id.* at 431-32. While it is well settled that upon request, the State should give notice of whom it intends to call as a witness, Appellant cites no authority to support his contention that his letter holds the same weight as a court order. *See Hightower v. State*, 629 S.W.2d 920, 925 (Tex.Crim.App. 1981); *Young*, 547 S.W.2d at 27.

We begin by rejecting Appellant's contention that his letter was tantamount to a discovery order. But because his appeal is premised on surprise and prejudice arising from the testimony of three specific witnesses, we will address his contentions as if the State failed to disclose those witnesses.

### Standard of Review

If a witness whose name is not on the witness list is allowed to testify, the standard of review is whether the trial court abused its discretion. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex.Crim.App. 1993); *Stoker v. State*, 788 S.W.2d 1, 15 (Tex.Crim.App. 1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex.App.--El Paso 2000, pet. ref'd). The burden is on the defendant, and the trial court's decision to allow the testimony will not be disturbed on appeal absent such showing. *Castaneda*, 28 S.W.3d at 223. Among the factors to be considered are whether the prosecution acted in bad faith in failing to disclose the witness and whether the defendant could have reasonably anticipated the witness. *Id.*

### Bad Faith and Unfair Surprise

In determining whether the State acted in bad faith, we ask whether (1) the defendant established that the State intended to deceive him; (2) the State's notice left the defendant adequate time to prepare; and (3) the State freely provided the defendant with information by maintaining an

open file policy, providing updated witness lists, or promptly notifying the defendant of new witnesses. *Hardin v. State*, 20 S.W.3d 84, 88 (Tex.App.--Texarkana 2000, pet. ref'd). Similarly, in determining whether the defense could have anticipated the State's witnesses, we look to (1) the degree of surprise to the defendant; (2) the degree of disadvantage inherent in that surprise; and (3) the degree to which the trial court was able to remedy that surprise (e.g., by granting the defense a recess, postponement, or continuance). *Id*. at 88-89.

With regard to Raymond Rodriguez and Mike Scudder, there is no indication that the State intentionally withheld discovery from Appellant or attempted to deceive the defense in any way. *See Montoya v. State*, No. 07-02-0247-CR, 2003 WL 397766 at *4 (Tex.App.--Amarillo Feb. 21, 2003, pet. ref'd); *Shavers v. State*, 985 S.W.2d 284, 290 (Tex.App.--Beaumont 1999 pet. ref'd). These witnesses had not provided statements or filed accident reports which would ordinarily appear in the file. Given the State's open file policy, any such statements would have been readily provided. But their names did appear on the State's subpoena list which the defense team received. Likewise, Appellant has failed to demonstrate any bad faith with respect to rebuttal witness Adriane Ochoa. The State cannot anticipate exactly which rebuttal witnesses will become necessary until the defense rests. *Devia v. State*, 718 S.W.2d 72, 74 (Tex.App.--Beaumont 1986, no pet.). If the State calls a rebuttal witness, the burden is on the defendant to show the prosecution acted in bad faith in failing to disclose the name of the witness. *Id.* We conclude that Appellant has not demonstrated bad faith.

Nor has Appellant established unfair surprise. Rodriguez and Scudder, a patrol officer and a paramedic, were both present at the scene of the accident. They were questioned only with regard to their personal knowledge and recollection of the events and both were subject to cross-examination. Neither witness testified as an expert. Ochoa merely placed Appellant in the vehicle involved in the accident shortly before the accident occurred.

After Appellant's objections were overruled, he did not request a continuance, nor did he ask for a recess to interview or investigate the witnesses before they testified. Appellant cannot reasonably claim unfair surprise when, in addition to failing to file a motion for discovery, he did not request a recess or a continuance. *See Lindley v. State*, 635 S.W.2d 541, 544 (Tex.Crim.App. 1982), *citing Rodriguez v. State*, 597 S.W.2d 917 (Tex.Crim.App. 1980)(the failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise); *Devia*, 718 S.W.2d at 74 (objection to a rebuttal witness was waived where the record showed no evidence that a motion for discovery was filed or an order issued thereon); *Woods v. State*, No. 07-02-0192-CR, 2003 WL 1738399 *1 (Tex.App.--Amarillo April 2, 2003, no pet.)(no abuse of discretion where an officer, whose name was not provided to the defense as a prospective witness was allowed to testify when no formal discovery was conducted in case, record did not reflect any court instructions or agreement concerning the provision of a witness list, and defendant did not move for a recess or continuance). In fact, he never objected on the basis of unfair surprise. *See Barnes v. State*, 876 S.W.2d 316, 328 (Tex.Crim.App. 1994), *cert. denied*, *Barnes v. Texas*, 513 U.S. 861, 115 S.Ct. 174, 130 L.Ed.2d 110 (1994)(failure to move for a continuance or object on the basis of surprise failed to preserve the matter for appellate review, even though the court had ordered a witness list to be furnished prior to trial). We perceive no abuse of discretion in admitting the witnesses' testimony.

### "THE RULE"

Appellant also complains of Ochoa's testimony in the context of a violation of "The Rule."[2] Appellant alleges that the State knew Ochoa was a potential witness and not only had a duty to

---

[2] "The Rule" references Texas Rule of Evidence 614 which provides that the court, by request of either party, or by its own motion, may order the exclusion of witnesses so they may not hear the testimony of the other witnesses. TEX.R.EVID. 614.

disclose her on a witness list, but to see to it that she was placed under The Rule and excluded from the courtroom at trial. He further contends that the prejudicial effect was heightened because Ochoa was in the courtroom during the testimony of other witnesses and that "[s]ince she was not, but should have been, placed under the rule, there is very little chance that during the three days of trial she did not talk to others."

The Rule was invoked at the beginning of trial. But when Ochoa was called, defense counsel did not object that her testimony would be in violation of The Rule. To preserve an issue for appeal a party must make a timely, specific objection and obtain a ruling. TEX.R.APP.P. 33.1. Failure to properly object waives the complaint for appeal. *Id*. Here, Appellant did not preserve any argument based on a violation of the Rule for review.

We overrule Appellant's sole point and affirm the judgment of the trial court.

January 26, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before McClure, J., Barajas, C.J. (Ret.), and Antcliff, Judge
Barajas, C.J. (Ret.), sitting by assignment
Antcliff, Judge, sitting by assignment, not participating

(Do Not Publish)