COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






JORY CEDILLO VEGA,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00255-CR

Appeal from
394th District Court

of Brewster County, Texas

(TC # 3874)



 

 

 





O P I N I O N

            Appellant was convicted of two counts of aggravated assault with a motor vehicle and one
count of failure to stop and render aid. In his sole issue on appeal, he complains that the trial court
abused its discretion in admitting the testimony of certain State witnesses when the State failed to
provide a witness list prior to trial. For the reasons that follow, we affirm. 
FACTUAL SUMMARY
            On October 7, 2008, Appellant, was charged by indictment for allegedly striking Armando
Chavez with a motor vehicle causing serious bodily injury: 
Count I: on or about August 17, 2008, intentionally, knowingly, and recklessly, by failing
to operate a motor vehicle in a safe manner cause serious bodily injury to Armando Chavez
by striking Armando Chavez with a motor vehicle.
 
Count II: mirrored the language above in Count I and added, “and said motor vehicle was
a deadly weapon, which in the manner of its use and intended use was capable of causing
death or serious bodily injury.”
 
Count III: on or about August 17, 2008, Appellant did then and there operate a vehicle, and
was involved in an accident, and that said accident was an accident which resulted in injury
to Armando Chavez; and the defendant, after the accident, did not comply with the
requirements of Section 550.021 of the Transportation Code.

Appellant pled not guilty to all counts. 
            When the State called its first witness at trial, the defense objected on the grounds that the
State had not provided it with a witness list. There is nothing in the record to indicate a motion for
discovery was filed, or that Appellant requested the court to issue an order requiring the State to
produce a witness list. Counsel did send a letter asking the prosecutor to, “Please send me your
witness list regarding the above referenced case.” 
            In considering Appellant’s objection, the court questioned the attorneys and learned that: (1)
the District Attorney’s office had an open file policy; (2) Appellant was provided a copy of the
State’s entire file; and (3) the file contained a copy of the State’s application to subpoena witnesses. 
As is apparent from this appeal, Appellant's objections were overruled and the witnesses permitted
to testify.


 The State called nine witnesses during its case-in-chief and one rebuttal witness. The file
provided to Appellant contained witness statements of seven of the nine case-in-chief witnesses. The
other two, Raymond Rodriguez and Mike Scudder, did not provide witness statements or file reports
after the accident. Rodriguez was the senior patrol officer on duty the night of the accident, and
Scudder was a paramedic who arrived on the scene. They only testified as to their personal
recollections of the night in question, not as expert witnesses. 
            The State’s rebuttal witness, Adriane Ochoa, is the girlfriend of Appellant’s cousin. On the
night of the accident, Appellant came to her house briefly after returning from a local bar. Ochoa
watched Appellant get into the driver’s seat of the vehicle involved in the accident and drive away. 
            After a three day trial, a jury found Appellant guilty on all three counts and assessed
punishment as follows: Count I: twelve years’ imprisonment; Count II: six years’ imprisonment;
and Count III: two years’ imprisonment. The trial court assessed punishment in accordance with
the jury’s recommendations and additionally ordered Appellant to pay $222,169.58 in restitution. 
WITNESS LIST
            Appellant maintains that his letter requesting a witness list was “certainly sufficient to trigger
the District Attorney’s responsibility to furnish information, without a court order” under the
prosecutor’s open file policy. Section 39.14(a) of the Texas Code of Criminal Procedure provides: 
Upon motion of the defendant showing good cause therefor and upon notice to the
other parties, except as provided by Article 39.15, the court in which an action is
pending shall order the State before or during trial of a criminal action therein
pending or on trial to produce and permit the inspection and copying or
photographing by or on behalf of the defendant of any designated documents, papers,
written statement of the defendant, (except written statements of witnesses and
except the work product of counsel in the case and their investigators and their notes
or report), books, accounts, letters, photographs, objects or tangible things not
privileged, which constitute or contain evidence material to any matter involved in
the action and which are in the possession, custody or control of the State or any of
its agencies. The order shall specify the time, place and manner of making the
inspection and taking the copies and photographs of any of the aforementioned
documents or tangible evidence; provided, however, that the rights herein granted
shall not extend to written communications between the State or any of its agents or
representatives or employees. Nothing in this Act shall authorize the removal of such
evidence from the possession of the State, and any inspection shall be in the presence
of a representative of the State.

Tex.Code Crim.Proc.Ann. § 39.14(a)(Vernon Supp. 2010); see also Young v. State, 547 S.W.2d
23, 27 (Tex.Crim.App. 1977).
            Here, no such request was made. Appellant appears to contend that because his letter was
“specific,” it carries the same weight and authority as a court order. The only case he cites in support
of this contention is State ex rel. Simmons v. Peca, 799 S.W.2d 426 (Tex.App.--El Paso 1990, no
pet.). In Peca, the State sought mandamus relief from a pretrial order requiring it to photocopy its
entire file for a capital murder defendant. Id. at 428. This court recognized that discoverable
material in a criminal trial is subject to photocopying, but based on the facts presented, the order at
issue was void for vagueness. Id. at 431-32. While it is well settled that upon request, the State
should give notice of whom it intends to call as a witness, Appellant cites no authority to support his
contention that his letter holds the same weight as a court order. See Hightower v. State, 629 S.W.2d
920, 925 (Tex.Crim.App. 1981); Young, 547 S.W.2d at 27. 
            We begin by rejecting Appellant’s contention that his letter was tantamount to a discovery
order. But because his appeal is premised on surprise and prejudice arising from the testimony of
three specific witnesses, we will address his contentions as if the State failed to disclose those
witnesses.
Standard of Review
            If a witness whose name is not on the witness list is allowed to testify, the standard of review
is whether the trial court abused its discretion. Martinez v. State, 867 S.W.2d 30, 39 (Tex.Crim.App.
1993); Stoker v. State, 788 S.W.2d 1, 15 (Tex.Crim.App. 1989), cert. denied, 498 U.S. 951, 111
S.Ct. 371, 112 L.Ed.2d 333 (1990); Castaneda v. State, 28 S.W.3d 216, 223 (Tex.App.--El Paso
2000, pet. ref’d). The burden is on the defendant, and the trial court’s decision to allow the
testimony will not be disturbed on appeal absent such showing. Castaneda, 28 S.W.3d at 223.
Among the factors to be considered are whether the prosecution acted in bad faith in failing to
disclose the witness and whether the defendant could have reasonably anticipated the witness. Id. 
Bad Faith and Unfair Surprise
            In determining whether the State acted in bad faith, we ask whether (1) the defendant
established that the State intended to deceive him; (2) the State's notice left the defendant adequate
time to prepare; and (3) the State freely provided the defendant with information by maintaining an
open file policy, providing updated witness lists, or promptly notifying the defendant of new
witnesses. Hardin v. State, 20 S.W.3d 84, 88 (Tex.App.--Texarkana 2000, pet. ref’d). Similarly,
in determining whether the defense could have anticipated the State's witnesses, we look to (1) the
degree of surprise to the defendant; (2) the degree of disadvantage inherent in that surprise; and (3)
the degree to which the trial court was able to remedy that surprise (e.g., by granting the defense a
recess, postponement, or continuance). Id. at 88-89.
            With regard to Raymond Rodriguez and Mike Scudder, there is no indication that the State
intentionally withheld discovery from Appellant or attempted to deceive the defense in any way. See
Montoya v. State, No. 07-02-0247-CR, 2003 WL 397766 at *4 (Tex.App.--Amarillo Feb. 21, 2003,
pet. ref’d); Shavers v. State, 985 S.W.2d 284, 290 (Tex.App.--Beaumont 1999 pet. ref’d). These
witnesses had not provided statements or filed accident reports which would ordinarily appear in the
file. Given the State’s open file policy, any such statements would have been readily provided. But
their names did appear on the State’s subpoena list which the defense team received. Likewise,
Appellant has failed to demonstrate any bad faith with respect to rebuttal witness Adriane Ochoa. 
The State cannot anticipate exactly which rebuttal witnesses will become necessary until the defense
rests. Devia v. State, 718 S.W.2d 72, 74 (Tex.App.--Beaumont 1986, no pet.). If the State calls a
rebuttal witness, the burden is on the defendant to show the prosecution acted in bad faith in failing
to disclose the name of the witness. Id. We conclude that Appellant has not demonstrated bad faith. 
            Nor has Appellant established unfair surprise. Rodriguez and Scudder, a patrol officer and
a paramedic, were both present at the scene of the accident. They were questioned only with regard
to their personal knowledge and recollection of the events and both were subject to cross-
examination. Neither witness testified as an expert. Ochoa merely placed Appellant in the vehicle
involved in the accident shortly before the accident occurred. 
            After Appellant’s objections were overruled, he did not request a continuance, nor did he ask
for a recess to interview or investigate the witnesses before they testified. Appellant cannot
reasonably claim unfair surprise when, in addition to failing to file a motion for discovery, he did
not request a recess or a continuance. See Lindley v. State, 635 S.W.2d 541, 544 (Tex.Crim.App.
1982), citing Rodriguez v. State, 597 S.W.2d 917 (Tex.Crim.App. 1980)(the failure to request a
postponement or seek a continuance waives any error urged in an appeal on the basis of surprise); 
Devia, 718 S.W.2d at 74 (objection to a rebuttal witness was waived where the record showed no
evidence that a motion for discovery was filed or an order issued thereon); Woods v. State,
No. 07-02-0192-CR, 2003 WL 1738399 *1 (Tex.App.--Amarillo April 2, 2003, no pet.)(no abuse
of discretion where an officer, whose name was not provided to the defense as a prospective witness
was allowed to testify when no formal discovery was conducted in case, record did not reflect any
court instructions or agreement concerning the provision of a witness list, and defendant did not
move for a recess or continuance). In fact, he never objected on the basis of unfair surprise. See
Barnes v. State, 876 S.W.2d 316, 328 (Tex.Crim.App. 1994), cert. denied, Barnes v. Texas, 513 U.S.
861, 115 S.Ct. 174, 130 L.Ed.2d 110 (1994)(failure to move for a continuance or object on the basis
of surprise failed to preserve the matter for appellate review, even though the court had ordered a
witness list to be furnished prior to trial). We perceive no abuse of discretion in admitting the
witnesses’ testimony.
“THE RULE”
            Appellant also complains of Ochoa’s testimony in the context of a violation of “The Rule.”



Appellant alleges that the State knew Ochoa was a potential witness and not only had a duty to
disclose her on a witness list, but to see to it that she was placed under The Rule and excluded from
the courtroom at trial. He further contends that the prejudicial effect was heightened because Ochoa
was in the courtroom during the testimony of other witnesses and that “[s]ince she was not, but
should have been, placed under the rule, there is very little chance that during the three days of trial
she did not talk to others.” 
            The Rule was invoked at the beginning of trial. But when Ochoa was called, defense counsel
did not object that her testimony would be in violation of The Rule. To preserve an issue for appeal
a party must make a timely, specific objection and obtain a ruling. Tex.R.App.P. 33.1. Failure to
properly object waives the complaint for appeal. Id. Here, Appellant did not preserve any argument
based on a violation of the Rule for review. 
            We overrule Appellant’s sole point and affirm the judgment of the trial court.





January 26, 2011                                                                                                                                             ANN CRAWFORD McCLURE, Justice

Before McClure, J., Barajas, C.J. (Ret.), and Antcliff, Judge
Barajas, C.J. (Ret.), sitting by assignment 
Antcliff, Judge, sitting by assignment, not participating

(Do Not Publish)