Andre Charles TAYLOR, Appellant,

v.

The STATE of Texas, Appellees.

No. 01–91–01053–CR.

Court of Appeals of Texas,
Houston (1st District).

Feb. 4, 1993.

Ordered Published May 6, 1993.

Thomas Moran, Houston, for appellant.

John B. Holmes, Dist. Atty., Mary Lou Keel, Asst. Dist. Atty., Houston, for appellees.

Before COHEN, MIRABAL and PRICE[1], JJ.

## OPINION

COHEN, Justice.

Appellant was charged with unauthorized use of a motor vehicle. After the judge overruled his motion to suppress evidence, appellant pled guilty. Pursuant to a plea bargain, the judge assessed punishment at eight years in prison. We affirm.

On October 10, 1990, at 12:30 a.m., two Houston police officers on patrol saw appellant driving a car with no license plates. They stopped appellant, and asked him for identification. Appellant had no driver's license or identification, but told the officers his name was Eric Mack. The officers

checked that name for a driver's license, found no license matching the name, and then arrested appellant.

In his single point of error, appellant challenges the legality of his arrest, the inventory search of his car, and the admissibility of his oral statements. Appellant makes his challenges on a variety of Federal and State constitutional grounds.

■ To preserve error for appellate review, the complaining party must make a timely, specific objection, at the earliest possible opportunity, and obtain an adverse ruling. *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). Moreover, an objection on appeal must comport with the objection at trial or error is not preserved. *Ellason v. State*, 815 S.W.2d 656, 665 (Tex.Crim.App.1991); *Blackmon v. State*, 786 S.W.2d 467, 469 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). Even constitutional errors may be waived by the failure to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim.App.1990).

■ All but two of appellant's objections on appeal do not comport with those made at trial. On April 23, 1991, appellant filed a written motion to suppress evidence. In the motion, appellant challenged the initial traffic stop, claiming he was arrested without probable cause, and alleged he was questioned without being warned. The judge heard the motion on September 10, 1991. Evidence was presented, and the judge recessed the hearing for the State to produce documents requested by appellant. The hearing was reset for November 1, 1991. Appellant did nothing at this hearing to modify or amend his motion to suppress.

On November 1, 1991, the hearing resumed. The State furnished the requested documents to appellant, and he entered them in evidence. Neither party offered further testimony or oral argument, and both sides rested. Appellant's attorney

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

stated he had filed with the judge a document titled "Defendant's Memorandum of Law on Motion to Suppress Evidence." The certificate of service states appellant delivered the memorandum to the State in court that day, November 1. The judge stated he had read the memorandum, and then denied the motion to suppress. The memorandum argued the numerous new suppression theories appellant now raises on appeal.

We hold that appellant has failed to preserve those arguments for review. The memorandum was not an objection, or a motion, and nothing in the record indicates the judge ever considered it as either. The motion to suppress complained only that the stop was illegal and the statement was made without warnings. An objection stating one legal theory will not support a different legal theory on appeal. *Ellason,* 815 S.W.2d at 665; *Johnson v. State,* 803 S.W.2d 272, 292 (Tex.Crim.App.1990). Thus, we will address only the two objections made and ruled upon at trial. Appellant waived all other claims. TEX.R.APP.P. 52(a).

Initially, in his motion to suppress, appellant claimed the car he was driving had cardboard license plates and, thus, the police had no probable cause or reasonable suspicion to justify the stop. At the hearing, both police officers testified the car was stopped because it had no license plates. On appeal, appellant no longer claims the initial stop was illegal.

The other complaint concerns the admissibility of statements, under TEX. CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1992). Appellant argues that even if his arrest was legal, the police failed to give required warnings prior to interrogation, and did not properly record his statements. The record reflects the only statement appellant made was his false claim that his name was Eric Mack.

The State contends article 38.22 does not apply. We agree. Article 38.22 prohibits the admission of oral statements "made as a result of custodial interrogation." But questioning "normally attendant to arrest and custody" is not interrogation. *McCambridge v. State,* 712 S.W.2d 499, 505 (Tex.Crim.App.1986) (citing *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980)). When a police officer obtains a name, address or social security number, that action is normally attendant to arrest and custody, and does not constitute a custodial interrogation under the Fifth Amendment. *Garner v. State,* 779 S.W.2d 498, 503 (Tex.App.— Fort Worth 1989), *pet. ref'd,* 785 S.W.2d 158 (Tex.Crim.App.1990). The applicable provisions of article 38.22 are substantially the same in scope as the Fifth Amendment right against self-incrimination. *Parks v. State,* 666 S.W.2d 597, 599 (Tex.App.— Houston [1st Dist.] 1984, no pet.). Asking the appellant his name was a question normally attendant to custody, rather than a custodial interrogation. Thus, article 38.22 is inapplicable here, and the judge properly overruled appellant's motion to suppress.

The judgment is affirmed.

PER CURIAM.

May 6, 1993.

On this day came on to be considered appellant's motion to publish opinion. And such motion is hereby **GRANTED.**

It is so ordered.