**Andre Charles TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–01053–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 1, 1993.

Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Pat Stallings, Houston, for appellee.

Before COHEN, MIRABAL and PRICE,[1] JJ.

## OPINION ON MOTION FOR REHEARING

COHEN, Justice.

Appellant has filed a vigorous motion for rehearing, alleging that we have split hairs and elevated form over substance by holding that the complaints raised for the first time in his memorandum of law filed November 1, 1991, presented nothing for review. Appellant complains that by holding the memorandum was neither an objection nor a motion sufficient to preserve review under TEX.R.APP.P. 52(a), we have judged the motion by its title when we should have judged it by its substance. We will elaborate on our holding.

The trial judge held an evidentiary hearing on appellant's motion to suppress on September 10, 1991. The motion stated that the police illegally stopped appellant's car without probable cause and then questioned appellant without proper warnings. Those were the only issues before the court, the only issues raised by the motion, and the only issues mentioned by counsel. At appellant's request, the judge recessed the hearing until November 1, 1991, solely to allow the State to produce documents appellant had requested.

The State produced the documents on November 1. Neither side offered further testimony or further argument. However, on November 1, appellant filed and delivered to the State in court his "Memorandum Of Law On Motion To Suppress Evidence." Appellant concedes that the memorandum raised for the first time the following new grounds to suppress evidence:

1. Statutes authorizing police to arrest persons for traffic violations punishable by fine only are unconstitutional as a violation of the Fourteenth Amendment Equal Protection Clause and the Equal Protection Guarantees for the Texas Constitutions;

2. Such a system is unconstitutional, citing *Tate v. Short*, 401 U.S. 396 (395), 91 S.Ct. 668, 28 L.Ed.2d 130 (1971);

3. The statutes authorizing officers to arrest persons for traffic violations punishable by fine only are unconstitutional;

4. Absent a policy limiting officers' discretion so that they must either arrest or not arrest all persons detained under similar circumstances, defendant's arrest is illegal;

5. Appellant's arrest was illegal because officers were exercising unbridled discretion to arrest him when they also had the unbridled discretion to simply give him a summons;

6. Appellant was deprived of liberty without due course of law by his arrest for an offense that does not include incarceration as a possible punishment;

7. The impoundment and the resulting inventory were illegal;

8. The purported inventory violates the Fourth Amendment;

9. The impoundment was a violation of Article 1, § 9 of The Texas Constitution.

▪ Appellant correctly contends these complaints were specific and were read by the judge before he ruled. Therefore, appellant argues, error was preserved be-

---

1. Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston participating by assignment.

cause the judge obviously understood the new grounds for suppression. We agree that the new complaints were specific, but nevertheless overrule the motion for rehearing.

The problem with appellant's new complaints is not that they were too general to be understood or that they were mistitled a "memorandum" instead of a "motion to suppress." The problem is that they were too late. A motion alleging completely different grounds had been on file for 190 days as of November 1. The parties had already presented their witnesses and made their legal arguments, based on completely different grounds, at the evidentiary hearing held 52 days before November 1. On November 1, appellant sought to suddenly change the entire basis for his motion, long after his motion was filed and heard, but only minutes before it was overruled. Should a party be allowed to raise numerous new claims at the last minute? No. Should a prosecutor, upon receiving such a document in court, have to stop immediately all other activities, read the document, and respond to it before the judge rules or else lose the right to be heard in the trial court on the defendant's new grounds? No.

■ The purpose of a memorandum of law is to set out arguments of law and fact supporting grounds for relief raised in a motion. The grounds for relief should be stated in the motion. Judges grant or deny motions, not memorandums of law. It is possible, of course, that new grounds raised only in a memorandum of law could be tried by consent, but that did not happen here. In fact, nothing shows the prosecutor knew that new grounds were being asserted. Given the different purposes of a motion and a memorandum, there is no reason the prosecutor should have known that.

When a criminal case is set for a pretrial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown. TEX.CODE CRIM.P.ANN. art. 28.01, § 2 (Vernon 1989). Appellant did not seek such permission and did not show good cause. The trial judge did not grant permission and did not find good cause. Therefore, the new matters were not properly before the court.

Appellant relies on *Lankston v. State*, 827 S.W.2d 907 (Tex.Crim.App.1992), *Reynolds v. State*, 781 S.W.2d 351 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd), *Mason v. State*, 740 S.W.2d 517 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd), and *Rice v. State*, 646 S.W.2d 633 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd), but in all of those cases, the appellant's objection was made in open court and in the prosecutor's presence. There was no last minute attempt in those cases to change the basis of a previously filed and litigated pretrial motion. Those cases all concerned whether an objection was sufficiently specific, not whether an objection was timely, and none were in a procedural posture similar to this case. Therefore, they do not control this point of error.

The motion for rehearing is overruled.