Andre Charles TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 510–93.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 20, 1993.

Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Mary
Lou Keel and Pat Stallings, Asst. Dist. At-
tys., Houston, Robert Huttash, State's Atty.,
Austin, for the State.

*OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was convicted of unauthorized use of a motor vehicle and punishment was assessed at eight years imprisonment pursuant to a plea agreement. This conviction was affirmed. *Taylor v. State*, 850 S.W.2d 294 and 850 S.W.2d 594 (Tex.App.—Hou.[1st] 1993).

Appellant appealed the denial of a motion to suppress all evidence seized as a result of his arrest. At the hearing on the motion two officers testified concerning both the circumstances of Appellant's arrest and police department policies concerning custodial arrests for Class C misdemeanor offenders. At the conclusion of testimony the hearing was continued so that police documents relevant to Appellant's arrest could be obtained. When the hearing resumed fifty days later defense counsel presented a "Memorandum of Law" which raised several new legal theories as to why Appellant's arrest was illegal. The trial court admitted the newly-obtained documents into evidence, acknowledged that he had reviewed the Memorandum of Law, and denied the suppression motion after both parties stated they had no further argument.

The Court of Appeals reviewed the legal arguments raised in Appellant's original motion to suppress, but refused to address the legal arguments raised for the first time in the Memorandum of Law. On original submission the Court of Appeals held that those arguments were not preserved for review because the memorandum was not an objection, or a motion, and nothing in the record indicated the judge had considered it as either. On motion for rehearing the Court of Appeals stated that the memorandum was not sufficient to preserve the legal arguments first raised therein because it was too late.

Rule 52(a) of the Texas Rules of Appellate Procedure provides that:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent

from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

Appellant here timely presented a motion to suppress evidence seized as a result of his custodial arrest, which he alleged was illegal. After presentation of evidence relevant to this allegation, and prior to a ruling by the trial court, he presented to the trial court the Memorandum of Law which contained additional legal arguments as to why his arrest was illegal. The trial court acknowledged he had reviewed these arguments, and neither the trial judge nor the prosecutor asserted that they were not timely presented. The trial court ruled upon the motion to suppress.

We believe Appellant preserved for appellate review the arguments presented in his Memorandum of Law. Rule 52(a) requires only that an objection be presented to the trial court so as to provide that court with an opportunity to prevent any error. *Rhett v. State*, 839 S.W.2d 93, 94 (Tex.Cr.App.1992). The trial court was presented with an opportunity to act on the new legal arguments, and his ruling on the motion to suppress necessarily constituted a ruling on the arguments in the memorandum, absent some indication that the trial court had refused to consider them.[1]

Accordingly, Appellant's Petition for Discretionary Review is summarily granted, the judgment of the Court of Appeals is vacated, and this cause is remanded to the Court of Appeals for consideration of any arguments raised on appeal which are in accord with those presented at trial in the Memorandum of Law.

McCORMICK, Judge, dissenting.

Believing that Justice Cohen's Opinion on Rehearing in the Court of Appeals correctly addressed the issue presented here, I respectfully dissent to the majority's summary remand.

The majority correctly sets forth the facts. What needs to be remembered is that the

motion to suppress was based on the theory that the initial traffic stop was illegal. The memorandum of law addressed the lawfulness of the police actions after the initial traffic stop. On the day the hearing resumed, neither party offered testimony, although the appellant offered into evidence Defense Exhibits 2 and 3. Appellant then rested his case and the prosecutor stated she had nothing further on the motion. The defense attorney stated that he had provided a memorandum of law to the trial court, and the trial judge responded that he had read the memorandum of law but announced that he was "going to deny the Motion to Suppress."

Article 28.01, Section 1, V.A.C.C.P., provides for pretrial hearings on suppression motions.

> "When a criminal case is set for such pretrial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown...." Article 28.01, Section 2, supra.

Appellant's memorandum obviously was not filed seven days "before the hearing." Instead, it was filed on the last day of the hearing after the State had presented its evidence in response to the motion to suppress. The trial court gave appellant no permission to raise the new matters contained in appellant's memorandum, nor did appellant show good cause for his tardiness in raising these claims. According to Article 28.01, appellant failed to preserve error.

Appellant also waived his claims because he did not secure an adverse ruling on his memorandum. In order to preserve error, the defendant must obtain an adverse ruling from the trial court. *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Cr.App.1991), cert. denied, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). In this instance, the trial court ruled on the motion to suppress, not the memorandum of law. Appellant may have hoped for a ruling on the grounds he raised in his memorandum, but he failed to

---

1. If the record had not affirmatively shown that the trial court had reviewed the memorandum, or had reflected either that he had treated the

memorandum as untimely or that the State had raised some objection to its consideration a different issue might be presented.

secure one. The fact that the trial court admitted to reading the memorandum does not constitute a ruling on it. By its own terms, the memorandum called for no ruling.

Furthermore, one purpose of requiring a specific objection is to allow the opposing party to "remove the objection or supply other testimony." *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Cr.App.1977). That purpose was not served in this instance. Appellant did not raise his new grounds until after the State had presented its evidence, and the record clearly demonstrates that the State addressed only the ground raised in appellant's motion to suppress, that is, the validity of the traffic stop. When the State offered its evidence on the motion to suppress, it had no notice that appellant would contest anything other than the traffic stop.

Appellant waived his point of error, and the Court of Appeals correctly disposed of his contentions on that basis. Appellant's sole ground for review is without merit and should be refused.

For these reasons, I dissent.

WHITE and MEYERS, JJ., join this dissent.