Affirmed and Memorandum Opinion filed July 21, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00332-CR



 

PHILLIP ANDREW NEVELOW, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 262nd District
Court 

Harris County, Texas

Trial Court Cause No. 1206771



 

MEMORANDUM OPINION

A jury
convicted appellant, Phillip Andrew Nevelow, of sexual assault of a child.  In
two issues, appellant contends the trial court erred by limiting his
cross-examination of the complainant and excluding evidence regarding the
complainant’s sexual history.  We affirm. 

I.   Background

In
January 2009,[1]
appellant was a twenty-two-year-old male residing in Harris County.  On January
3, appellant located the complainant’s public profile page on the social-networking
website “MySpace.”  On her public profile page, the complainant indicated that she
lived near appellant and was “18 years old.”  However, the complainant’s
private page, which revealed her actual age of fourteen years old, could be
viewed only by persons she accepted as “friends.”  After viewing the
complainant’s profile page, appellant sent her a “friend request” via MySpace. 
After the complainant received the request, she and appellant exchanged several
messages; in one message, the complainant provided her cell-phone number. 
Using their cell phones, they began sending frequent “text messages” to each
other.  The complainant eventually accepted appellant’s “friend request,” and
he was able to view her private MySpace page.  According to appellant, he first
viewed the complainant’s private page on approximately January 12 or 14.

On or
around January 6, appellant went to the dance studio at which the complainant
was employed and drove her home.  The complainant testified that during the
drive, appellant inquired regarding her age, she responded fourteen years old,
and “[h]e just went along with it.”  However, appellant testified that, after
seeing the complainant in person, he did not believe she was seventeen years
old or older but did not question her because he “wasn’t trying to be rude[.]”

According
to the complainant, she and the appellant engaged in consensual genital-to-genital
sexual intercourse at his apartment twice: (1) first, during the second week
they were communicating, possibly on the afternoon of January 9[2];
and (2) second, on January 16, after he retrieved her from school.  Contrarily,
appellant testified that he never engaged in sexual intercourse with the
complainant, she never visited his apartment, and he was in Galveston during
the afternoon of January 9.

On
January 20, the complainant’s mother discovered her relationship with
appellant.  Shortly thereafter, police began investigating whether appellant
engaged in sexual intercourse with the complainant.  A detective separately interviewed
appellant and the complainant.  The complainant also received a sexual-assault
examination.  No DNA or other direct evidence was discovered indicating
appellant engaged in sexual intercourse with the complainant.  On January 22,
appellant sent a MySpace message to the complainant in which he requested that
she retract her false accusations and threatened to take legal action against
her.  

Appellant
was charged with sexually assaulting the complainant.  At trial, appellant’s
principal defense was that he located and befriended the complainant because he
was lonely but did not engage in a sexual relationship with her despite her
sexual advances.  The jury convicted appellant and sentenced him to five years’
confinement, probated.

II.   Specific Instances of Sexual Conduct

            In his first and
second issues, appellant contends the trial court violated his rights to
confrontation, to due process, and to present evidence under rule 412 of the
Texas Rules of Evidence by refusing to allow him to present evidence pertaining
to, and cross-examine the complainant regarding, her other sexual relationships
and boyfriends.

A.        Preservation
of Error

            We begin by
addressing whether appellant preserved his appellate issues.  To preserve
error, a defendant must make a timely objection and specifically state the
legal basis for the objection, unless the basis is apparent from context.  See
Tex. R. App. P. 33.1(a); Rezac v. State, 782 S.W.2d
869, 870 (Tex. Crim. App. 1990).  To make a specific objection, a party must “‘let
the trial judge know what he wants, why he thinks himself entitled to it, and .
. . do so clearly enough for the judge to understand him at a time when the
trial court is in a proper position to do something about it.’”  Shaw v.
State, 329 S.W.3d 645, 654 (Tex. App.—Houston [14th Dist.] 2010, pet. ref’d)
(quoting Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

The
trial court made several rulings pertaining to admission of evidence regarding
the complainant’s sexual history.  Before trial, the court granted the State’s
oral motion in limine under rule 412 relative to “any prior sexual history of
the victim.”  The issue was re-visited immediately before the complainant
testified, when the following exchange occurred:        

[Defense
Counsel:]  [W]e’re attempting to present evidence of other sexual relationships
that [the complainant] had admitted to both [appellant] and the police officer
was aware of.  And we’re trying to bring this up because we believe that she is
using the charges in this case to hide who it is that she is actually having
sexual relationships with.  We believe that goes to motive, why she would bring
these charges.  Therefore, we believe it is relevant.  And we believe that
under the Hammer case it should be allowed in this case because it is a
pure he said/she said case.

[Trial
Court:]  Do you know who she would be trying to hide it from?

[Defense
Counsel:]  I’m saying she’s trying to hide it from the authorities.

[Trial
Court:]  Do you have any - -

[Defense
Counsel:]  Her parents and from the authorities.

[Trial
Court:]  Is there any indication, any evidence, any conversation to that degree
that you have?

[Defense
Counsel:]  Well, I don’t have an inside to any of that.  What I’m going by is
what was said to the police officer.  By looking at the police reports, both
the mother and the girl in conversations that were brought forth to him that
there was an outside relationship.  I think the mother comes in and denies it,
but I’m saying that there are conversations that were had with the police
officer regarding whether there was another relationship.

[Trial
Court:]  Well, I’m trying to figure out who it is that she’s hiding it from?

[Defense
Counsel:]  She’s hiding, I think, the nature of the true relationship from her
parents and then from the police.  My belief is that this individual is over
18.

[Trial
Court:]  But do you have any basis for that?

[Defense
Counsel:]  I have one picture that I intend to ask her about when she is on the
stand, Your Honor.

[Trial
Court:]  But you don’t know right now.

[Defense
Counsel:]  It was a download from her phone.  I know that what she said was
that she had done that.  She admitted it, according to our client, admitted it
to him.

[Trial
Court:]  Okay. . . .  At this point, my ruling remains the same.  That evidence
will not be gone into unless and until we have a hearing outside the presence
of the jury that offers more guidance than what I have now.  All right.

The
State later objected when appellant asked the complainant during
cross-examination whether pictures on her cell phone were of her “other
boyfriends.”  After the court sustained the objection and instructed the jury
to disregard the question, appellant again argued outside the jury’s presence
that he should be allowed to question the complainant regarding prior
relationships:

[Defense
Counsel:]  Yes, we would request the opportunity to ask whether they had
pictures of any other men on her phone.  The reason being, she’s made it seem
like he was the only one in her life.  I think that is relevant to go into the
fact that she’s saying this is the only one who she’s been involved with.  

[Trial
Court:]  I disagree.  If you can show me some relevance, I think the question
you asked is, is this another boyfriend, that would have very little relevance
under the evidence I’ve heard so far.  

[Defense
Counsel:]  I believe it is because of the fact she said he’s the only one that
she’s involved with at this time.  

[Prosecutor:] 
I’m not sure if she has a separate boyfriend, how that is relevant as to
whether he had a sexual relationship with her.  

[Trial
Court:]  I don’t see how it would make any material issue more or less likely
to have occurred, so I’ll have to deny your request.

After
the State rested, the trial court warned appellant that during the defense’s
case-in-chief, “[t]here will be no mention either directly or indirectly about
any alleged other sexual conduct sexual or otherwise that this Complainant may
have had with other men or young men.”  Appellant testified, but his counsel
never approached the bench regarding whether he could ask appellant if the
complainant told him about her other sexual relationships.  After the jury
retired to deliberate, appellant made the following offer of proof:

[Defense
Counsel:]  My intention was to ask questions of [the complainant] of whether
she was having sexual relations with anyone else, whether that person was over
the age of 18, whether they were ongoing during the time period she’s alleging
she was having sexual relations with [appellant].  

I intended to ask questions of [appellant] whether he had been informed
by her that she was having sexual relations with somebody else, in particular,
a lifeguard in the neighborhood, and it was going on during that time period
that she was talking with him.  I would also want to introduce photos of men
that she had on her cellphone, and ask her whether any of these men were the
men that she was involved with during that time period.

[Trial
Court:]  And as I understand, your basis for believing this occurred was from
your client?

[Defense
Counsel:]  From my client and based on we couldn’t find any direct evidence but
we were trying to find out - -

[Trial
Court:]  Okay.

[Defense
Counsel:]  - - that this was what we had been informed.

Finally, following his
conviction and sentencing, appellant filed a motion for new trial in which he
argued the trial court violated his constitutional rights by excluding the
aforementioned evidence.  In an affidavit attached to the motion, appellant averred
that the complainant had told him she had other sexual partners.

            The primary
basis for the trial court’s rulings was that evidence concerning the
complainant’s other sexual relationships was not relevant.  During trial, appellant
never specifically objected that the trial court’s exclusion of the evidence
violated his rights under either the Confrontation or Due Process Clauses of
the United States Constitution.  In a similar situation, the Court of Criminal
Appeals held that the defendant did not preserve a Confrontation Clause issue
because his “credibility” objection was too vague.  Reyna v. State, 168
S.W.3d 173, 179 (Tex. Crim. App. 2005) (“Because [defendant] ‘did not
clearly articulate’ that the Confrontation Clause demanded admission of the
evidence, the trial judge ‘never had the opportunity to rule upon’ this
rationale.”).  Thus, we hold appellant did not preserve his Confrontation
Clause issue.  Similarly, appellant did not preserve his due process issue because
he did not timely object on that basis.  See Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995); Hayes v. State, 124 S.W.3d 781,
786–87 (Tex. App.—Houston [1st Dist.] 2003), aff’d, 161 S.W.3d 507 (Tex.
Crim. App. 2005); see also Anderson v. State, 301 S.W.3d 276, 280 (Tex. Crim.
App. 2009) (recognizing that complaint regarding deprivation of meaningful opportunity
to present defense is subject to waiver).

            We recognize
that appellant filed a memorandum of law on the day of trial in which he
asserted that the excluded evidence should be admitted pursuant to his right to
confrontation.  However, we cannot conclude this memorandum preserved
appellant’s constitutional complaints because nothing in the record indicates
that the memorandum was brought to the trial court’s attention or was otherwise
reviewed by the court.  Cf. Rozell v. State, 176 S.W.3d 228,
230 (Tex. Crim. App. 2005) (explaining motion for new trial must be
presented to trial court because “[a] trial court should not be reversed on a
matter that was not brought to the trial court’s attention”); Taylor v. State, 863 S.W.2d 737,
737–38 & n.1 (Tex. Crim. App. 1993) (per curiam) (holding arguments
raised in memorandum of law sufficiently preserved suppression issues but
indicating error may not have been preserved “if the record had not
affirmatively shown that the trial court had reviewed the memorandum”).  

Further,
appellant specifically referenced Hammer during an exchange outside the
jury’s presence.  In Hammer v. State, the Court of Criminal Appeals discussed
at length a defendant’s right to present evidence of his accuser’s sexual history
pursuant to rule 412 and the Confrontation Clause.  296 S.W.3d 555 (Tex.
Crim. App. 2009).  Nevertheless, appellant’s reference to Hammer did not
preserve his constitutional complainants because nothing in the record indicates
that the trial court was familiar with the case.  We also acknowledge that appellant’s
motion for new trial did not preserve his constitutional issues because an
objection must be made at the earliest possible opportunity, not after trial
has concluded.  See State v. Herndon, 215 S.W.3d 906, 909–10 (Tex. Crim.
App. 2007); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).

            Although we
appellant waived his constitutional issues, we conclude it was apparent from
the context that appellant argued the pertinent evidence was admissible to
prove motive pursuant to rule 412 because (1) the State mentioned rule 412 during
its oral motion in limine, (2) the evidence pertained to the complainant’s
sexual conduct, and (3) appellant specifically argued this evidence was
relevant to the complainant’s motive to lie.  Accordingly, we will address the
merits of this issue.

B.        Standard of
Review

“[E]vidence
of a victim’s prior sexual activity may be admissible under Rule 412, the Texas
Rape Shield Law, when offered to
establish the victim’s motive or bias against the defendant.”  Hammer, 296
S.W.3d at 565–66 (citation omitted).  We review a trial court’s decision to
exclude evidence under an abuse of discretion
standard.  Mozon v. State, 991 S.W.2d 841, 846–47 (Tex. Crim. App.
1999).  An abuse of discretion
occurs when a trial court’s decision is so clearly wrong that it lies outside
the zone of reasonable disagreement.  Gonzalez v. State, 117 S.W.3d 831,
839 (Tex. Crim. App. 2003).

C.        Analysis

            The present
case involved a “he said, she said” trial, typical in sexual assault cases, “in
which the jury [reached its verdict] based solely upon two diametrically
different versions of an event, unaided by any physical, scientific, or other
corroborative evidence.”  Hammer, 296 S.W.3d at 561–62.  Appellant
relies heavily upon Hammer, in which the Court of Criminal Appeals
recently held that the trial court erred by disallowing motive evidence in a
“he said, she said” sexual-assault case.  It that case, the trial court did not
permit the defendant to present testimony and documentary evidence indicating
the following: 

(1) the
complainant was angry with the defendant (her father) because he brought her to
a hospital for a sexual-assault examination after she spent the night away from
home.

(2) the complainant
told one witness that a certain male sexually assaulted her during her night
out.  However, she told another witness she actually had sex with her boyfriend
(whom her father did not approve) that night and had lied about having sex with
the other male to prevent the defendant from learning she was with her
boyfriend.

(3) the
complainant was so distraught by the defendant taking her to be examined for
sexual assault that she threatened suicide and was admitted to a state hospital. 
She was released from the state hospital shortly before the defendant allegedly
assaulted her.

Id. at 567.  The Court of Criminal
Appeals concluded the trial court erred by excluding this evidence because it
was “strong support for [the defendant’s] theory that [the complainant] had a
motive to falsely accuse him of sexual molestation.  It also demonstrates that [the
complainant] was not above changing her story of a consensual sexual encounter
with her boyfriend into a nonconsensual one with someone else to prevent her
father from learning the truth and presumably punishing her for running away
and having sex with [her boyfriend.]”  Id. at 567.[3]

Although
the excluded evidence in Hammer strongly supported a possible motive for
the complainant to fabricate her accusations, the excluded evidence in this
case did not.  Evidence that the complainant had other boyfriends or sexual
partners, even if they were seventeen years old or older, did not demonstrate a
“definite and logical link” between the complainant’s sexual conduct and her
alleged motive to fabric.  See Todd v. State, 242 S.W.3d 126,
129–30 (Tex. App.—Texarkana 2007); Stephens v. State, 978 S.W.2d
728, 735 (Tex. App.—Austin 1998); see also Wofford v. State, 903
S.W.2d 796, 800 (Tex. App.—Dallas 1995, pet. ref’d) (“We fail to see how complainant’s
sexual history made it more likely that she would bring ‘rape’ charges to
retaliate for appellant’s refusal to buy more cocaine.  The proffered
promiscuity testimony had no relation to her bringing ‘rape’ charges.”).  If
the complainant testified she never told appellant that she had other sexual
partners, and appellant testified to the contrary, this inconsistency would not
necessarily have inferred a motive to lie.  Further, even if we presume
appellant would have admitted she was sexually active with men seventeen years
old or older, this evidence would not establish an ulterior motive for her
accusations.  Appellant’s theory that the complainant falsely accused him to
protect her other sexual partners was merely speculative.  

We
recognize that this was a “he said, she said” case, in which witness
credibility was decisive.  In fact, appellant argues that the jury struggled
with the complainant’s credibility because its deliberation lasted longer than
the actual trial.  Nevertheless, appellant’s theory that the complainant lied
to protect her other sexual partners was simply too tenuous.  “A sexual assault
complainant is not a volunteer for an exercise in character assassination.”  Hammer, 296
S.W.3d at 564.  Moreover, we disagree this evidence was necessary to rebut an
inference that the complainant had no other sexual partners.  Appellant argues
the complainant implied she was not involved in any other sexual relationships
at the time he allegedly assaulted her because she testified that her
sexual-assault examination made her feel “violated.”  However, from the context
of this testimony, it appears the complainant felt violated because she was
forced to submit to an invasive sexual-assault examination—not because she was
sexually inactive.  Accordingly, we conclude that the trial court did not abuse
its discretion by excluding evidence regarding the complainant’s other
boyfriends or sexual partners.[4] 
Appellant’s first and second issues are overruled.

D.        Procedure
for Admission of Evidence Under Rule 412

As a
final matter, we discuss the procedures required under rule 412.[5] 
Subsection (c) governs the procedure for admission of specific instances of
sexual conduct:

(c)
Procedure for Offering Evidence. If
the defendant proposes to introduce any documentary evidence or to ask any
question, either by direct examination or cross-examination of any witness,
concerning specific instances of the alleged victim’s past sexual behavior, the
defendant must inform the court out of the hearing of the jury prior to
introducing any such evidence or asking any such question.  After this
notice, the court shall conduct an in camera hearing, recorded by the court
reporter, to determine whether the proposed evidence is admissible under paragraph
(b) of this rule. The court shall determine what evidence is admissible
and shall accordingly limit the questioning.  The defendant shall not
go outside these limits or refer to any evidence ruled inadmissible in camera
without prior approval of the court without the presence of the jury.

Tex. R. Evid. 412(c)
(emphasis added).  Accordingly, after the defendant informs the trial court of
his intent to introduce evidence regarding a witness’s sexual conduct, the
court is required to conduct an in camera hearing.  Here, no such
hearing was conducted.

            The Court of
Criminal Appeals has held that abatement is the proper remedy when a trial
court’s failure to conduct an in camera hearing prevents the proper
presentation of a rule 412 issue to the appellate court.  See LaPointe
v. State, 225 S.W.3d 513, 520–21 (Tex. Crim. App. 2007) (quoting
Tex. R. App. P. 44.4).  However, in another case, the court held that a trial court’s
failure to conduct a hearing was not material because the record was sufficient
to support appellate review of the rule 412 issue.  See Young v. State,
547 S.W.2d 23, 25 (Tex. Crim. App. 1977).

            Although we
conclude the trial court erred by failing to conduct an in camera
hearing, we determine the record is sufficient for resolution appellant’s rule
412 issue.  Specifically, appellant explained to the trial court several times
why the excluded evidence was necessary, made an offer of proof, and attached
an affidavit to his motion for new trial in which he averred that the
complainant had told him she was sexually active with other individuals. 
Because we firmly understand the basis for appellant’s presentation of the
excluded evidence, we dispose of his rule 412 complaint without a record of an in
camera hearing.    

            We affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Seymore,
and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Unless specified otherwise, all dates mentioned in this opinion pertain to
2009.





[2]
The complainant initially informed the investigating detective that she and
appellant engaged in sexual intercourse on Friday, January 9 and Friday,
January 16.  At trial, the complainant testified that she did not remember the
exact date of their first sexual encounter but agreed she informed the
detective it occurred on January 9.





[3] The Court of Criminal Appeals also determined the
following evidence should not have been excluded because it had the potential
to render the complainant’s allegations of sexual assault unbelievable under
the doctrine of chances: (1) the complainant “told others that she had been
sexually molested by [all of] her mother’s boyfriends,” an improbable
accusation; and (2) the complainant called her grandmother and informed her
that five men were holding her at knife-point and threatening to rape her but
later admitted she fabricated the story.  Id. at 569–70.





[4]
We note appellant was allowed to testify and argue that the complainant
manufactured her accusations because he had rebuffed her constant sexual
advances.  This defensive theory, albeit not particularly strong, involved a
dispute between appellant and the complainant and, thus, a potential motive for
the complainant to retaliate against appellant.  Contrarily, appellant’s theory
that the complainant conjured her allegations in order to protect her other
sexual partners is speculative because it has no basis other than alleged
evidence that she had other sexual partners.  In short, the trial court’s
decision to exclude evidence of this defensive theory was not so clearly wrong
that it lay outside the zone of reasonable disagreement.  Gonzalez, 117
S.W.3d at 839.





[5]
Neither party argues that the trial court failed to adhere to the procedures
required under rule 412.