**REVERSE and REMAND; Opinion Filed November 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00905-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**MELISSA BRANTLEY CRUMPLER, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MA15-10354-M**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

The State appeals the trial court's decision to grant appellee Melissa Brantley Crumpler's motion to suppress the breath test administered to measure the amount of alcohol present in her system following her arrest for driving while intoxicated. In its first issue, the State urges the trial court erred by holding the State to the burden of proving appellee's consent to the breath test was voluntary. In its second issue, the State argues the trial court erroneously found appellee's invocation of her right to counsel precluded the State from proving that appellee voluntarily consented to the breath test. In its third issue, the State maintains that the evidence shows appellee voluntarily consented to the breath test. In its fourth issue, the State urges that the order may not be affirmed on any other applicable theory of law. For the reasons set forth below, we reverse the trial court's order granting the motion to suppress the breath test and the results therefrom and

remand for further proceedings. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Officer Ryan Claustre arrested appellee for driving while intoxicated. He transported her to the jail for a breath test. In the intoxilyzer room, after first examining the inside of appellee's mouth to ensure there was no intoxicant present, the intoxilyzer operator, Kara Tardif, announced the beginning of the fifteen-minute waiting period before any breath specimen would be taken. During that waiting period, Officer Claustre provided appellee with the DIC-24 statutory warning and requested a specimen of appellee's breath. She responded, "sure" at that time and again after the officer asked a second time to confirm. Officer Claustre read to appellee the warnings required under *Miranda v. Arizona*, 384 U.S. 436 (1966), and article 38.22 of the code of criminal procedure. Appellee indicated she did not understand her right to counsel. The officers explained to appellee that she did not have to answer questions without her attorney being present. Appellee continued to indicate she did not understand, so Officer Claustre provided her with a written copy of her rights and reviewed them with appellee. Appellee stated, "if I have the right to an attorney, I guess I would want that right." Appellee continued to talk with the officers, neither of whom asked her for any more information, other than what time she had to be at work in the morning. At the end of the waiting period, appellee provided two breath specimens.

Appellee filed a motion to suppress the breath test and related results because of a lack of corroborating video or testimonial evidence. Appellee later filed an amended motion to suppress, in which she argued the evidence was obtained as of a result of an illegal stop or detention. The trial court conducted an evidentiary hearing on appellee's motion, during which both sides argued and the State presented evidence through the testimony of Officer Claustre and a video recording of the waiting period and the subsequent breath test in the intoxilyzer room. At the conclusion of

arguments from both sides, the trial judge raised the issue of whether appellee's consent to provide breath specimens was voluntary in light of her statement indicating she wanted an attorney. The State and appellee's counsel presented arguments regarding whether appellee was entitled to counsel at that time and whether providing a breath specimen was testimonial. The prosecutor pointed out that appellee's original and amended motions to suppress did not raise the issue of voluntariness but stated he would address that issue if that is what the trial judge wanted.

The trial court continued the hearing on the motion to suppress until the next day at which time the State offered the video from Officer Claustre's body camera during his stop of appellee, recordings of the 911 call, the police report, and the call notes. The State renewed its objections to the court's consideration of the issue of the voluntariness of appellee's consent because that issue was not included in either appellee's motion to suppress or her amendment thereto. The prosecutor verbally moved to continue the hearing in order to obtain the testimony of the intoxilyzer operator. The trial court denied the motion to continue and granted appellee's motion to suppress the breath test and related results but denied appellee's motion to suppress evidence related to the detention or stop. The trial court based its rulings on the findings that appellee had invoked her right to an attorney, which was not heeded by the officers, and at that point, the interrogation should have stopped, such that "anything after that point would be inadmissible." The trial court further stated that the totality of the circumstances indicated there was no voluntary consent.

The State requested findings of fact and conclusions of law and appealed the trial court's ruling. When no findings or conclusions were entered, at the State's request, this Court abated the appeal and remanded the case to the trial court for preparation of findings of fact and conclusions of law, which the trial court provided.

DISCUSSION

In its first issue, the State urges the trial court erred by holding the State had the burden of proving appellee's consent to a breath test was voluntary.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We view the record in the light most favorable to the trial court's determination, and we reverse the judgment only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id.* We will uphold the judgment if it is correct on some theory of law applicable to the case, even if the trial judge made the judgment for a wrong reason. *Id.* Further, we will not reverse a trial court's ruling based on a legal theory that the complaining party did not present to it. *Id.* Because the trial court is the sole trier of fact, we give almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See Fienen v. State*, 390 S.W.3d 328, 335 (Tex. Crim. App. 2012). We review de novo questions of law and mixed questions of law and fact that do not depend upon credibility and demeanor. *Id.*

A driver's consent to a blood or breath test must be free and voluntary, and it must not be the result of physical or psychological pressures brought to bear by law enforcement. *Id.* at 333. The court of criminal appeals has held that when the issue of voluntary consent is raised in a motion to suppress, the State must prove voluntary consent by clear and convincing evidence. *Id.* at 335.

Here, the State urges, and the record reflects, that neither appellee's motion to suppress nor the amended motion raised the issue of the voluntariness of her consent to the breath test. Thus, the State argues, because appellee did not raise the issue of voluntariness of her consent in her motion to suppress, the State had no burden to prove that appellee's consent was voluntary. We

agree and conclude the trial court erred by basing its ruling on whether appellee's consent was voluntary. *See id.*

Appellee argues that the State failed make it clear to the trial court that it was the State's position that the trial court could not consider—or base its suppression decision on—whether appellee's consent was voluntary. Appellee also urges that the issue of voluntary consent was tried by consent. However, the State did in fact make the trial court aware that the issue was not raised in either of appellee's motions and that the lack of notice prejudiced the State's ability to present evidence on the issue of voluntary consent. An issue is not tried by consent where the complaining party properly objects to the submission of issues not raised by the pleadings. *See Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 380 (Tex. App.—Dallas 2009, no pet.).[1] Accordingly, regardless of whether the issue could have been tried by consent in this context, it was not in fact tried by consent here. *See id.*

We sustain the State's first issue.

In its second issue, the State argues the trial court erroneously found appellee's invocation of her right to counsel precluded the State from proving that appellee voluntarily consented to the breath test. In its third issue, the State maintains that the evidence shows appellee voluntarily consented to the breath test. Because we concluded the State had no burden to prove appellee voluntarily consented to the breath test, we need not address its second or third issues. *See* TEX. R. APP. P. 47.4.

---

[1] Whether an issue may be tried by consent in the criminal context and under these circumstances is not clear. *See*, *e.g.*, *Trejo v. State*, 280 S.W.3d 258, 264 (Tex. Crim. App. 2009) (Keller, P.J., concurring) (noting that "*[i]n the civil arena in Texas*, issues that were not pleaded may be tried by consent if submitted without objection in the jury charge) (emphasis added); *Weatherby v. State*, 61 S.W.3d 733, 739 (Tex. App.—Fort Worth 2001, pet. ref'd) ("There is no such thing as trial by consent in a criminal case."). Appellee relies on an opinion from another court of appeals later vacated by the court of criminal appeals to urge that issues may be litigated by consent. *See Taylor v. State*, 850 S.W.2d 294, 296 (Tex. App.—Houston [1st Dist. 1993) (op. on reh'g), *vacated* 863 S.W.2d 737 (Tex. Crim. App. 1993) (en banc). However, that decision is inapposite because the court of appeals held the issue could have been but was not tried by consent where the record did not show the State was aware of the new grounds asserted in the defendant's memorandum of law but not in his motion for rehearing. *See id.* Further, the court of criminal appeals vacated that opinion, holding that the defendant preserved those issues by including them in his memorandum of law. *See Taylor*, 863 S.W.2d at 738. Here, appellee failed to include the issue of voluntary consent in her motion or amended motion and filed no supporting memorandum. Accordingly, the later *Taylor* opinion is also inapposite.

However, our standard of review of rulings on motions to suppress necessitates our resolution of the State's fourth issue, in which the State urges that no other applicable theory of law supports the trial court's decision to suppress the breath test and its results.

In her amended motion to suppress, appellee argued the evidence was obtained as a result of an illegal stop or detention in violation of the Fourth and Fourteenth Amendments. At the hearing, appellee urged that Officer Claustre lacked reasonable suspicion to detain her and that even if he had a reasonable suspicion, he lacked probable cause to arrest her. The trial court denied appellee's motion to suppress with respect to the legality of the detention or arrest, and its findings of fact and the record supports its ruling.

The Fourth Amendment permits an officer to detain a person for investigatory purposes when the officer has reasonable suspicion to believe the individual is violating the law. *Rucker v. State*, No. 05-13-00066-CR, 2014 WL 1022451, at *2 (Tex. App.—Dallas Mar. 5, 2014, pet. ref'd) (mem. op., not designated for publication). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to conclude that a person is, has been, or soon will be, engaged in criminal activity. *Id.* The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by a citizen-eyewitness which is adequately corroborated by the detaining officer. *Id.* Corroboration does not mean the officer must personally observe the conduct that causes him to reasonably suspect that a crime is being, has been, or is about to be committed. *Id.* What is required is that the officer, in light of the circumstances, confirm enough facts to reasonably conclude the information he was given is reliable and a temporary detention is justified. *Id.*

For an arrest to be justified under the Fourth Amendment, a police officer must have probable cause to believe that the suspect has committed or is committing an offense. *State v.*

*Ford*, 537 S.W.3d 19, 23–24 (Tex. Crim. App. 2017). Probable cause is a fluid concept that cannot be readily reduced to a neat set of legal rules. *Id.* Although the concept evades precise definition, it involves a reasonable ground for belief of guilt that is particularized with respect to the person to be searched or seized. *Id.* It is a greater level of suspicion than "reasonable suspicion" but falls far short of a preponderance of the evidence standard. *Id.* If an officer has probable cause to arrest, a search incident to arrest is valid if conducted immediately before or after a formal arrest. *Id.*

Here, appellee's neighbor called 9-1-1 to report she heard glass breaking and believed appellee was intoxicated, or "hammered." When the Addison police officers arrived, appellee's neighbor told them appellee had stumbled towards her car and driven away, providing the officers with appellee's full name, a description of the clothes she was wearing, and the type of vehicle she was driving. While the officers were speaking with the neighbor, appellee returned and parked her car in her driveway. Officer Claustre approached appellee and noticed a strong odor of alcohol on her breath, red and watery eyes, and slurred speech. Appellee admitted she had consumed alcohol that evening. Appellee performed field sobriety tests, some of which she passed and others she failed. The information provided by the neighbor, combined with his own observations of appellee, provided Officer Claustre with reasonable suspicion that appellee had engaged in criminal activity, i.e., driving while intoxicated, to support detaining appellee and probable cause to believe that appellee had committed an offense, i.e., driving while intoxicated, to support arresting appellee. *See Rucker*, 2014 WL 1022451, at *3 (reasonable suspicion provided by eyewitness information regarding defendant's vehicle, location, and concerning driving behavior and arresting officer's observations of defendant's driving); *Diaz v. State*, No. 05-09-00750-CR, 2010 WL 1714001, at *2 (Tex. App.—Dallas Apr. 28, 2010, pet. ref'd) (not designated for publication) (probable cause established by arresting officer's knowledge of defendant's

performance on field sobriety tests, smell of alcohol on defendant's breath, and defendant's unsteady balance).

Appellee does not urge, and we have not found, any other legal theory that could support the trial court's decision to suppress the breath test and its results.

We sustain the State's fourth issue.

## CONCLUSION

We reverse the trial court's order granting the motion to suppress the breath test and the results therefrom, order the motion to be denied, and remand the cause to the trial court for further proceedings consistent with this opinion.

/David J. Schenck/  
DAVID J. SCHENCK  
JUSTICE

DO NOT PUBLISH  
TEX. R. APP. P. 47

170905F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-17-00905-CR     V.

MELISSA BRANTLEY CRUMPLER, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. MA15-10354-M.
Opinion delivered by Justice Schenck, Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, we **REVERSE** the trial court's order granting the motion to suppress the breath test and the results therefrom, **ORDER** the motion to be denied, and **REMAND** the cause to the trial court for further proceedings consistent with this opinion.

Judgment entered this 26th day of November, 2018.